# BROWN *v.* STATE

[No. 247, September Term, 1960.]

*Decided May 12, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Richard M. Pollitt* and *Patrick L. Rogan, Jr.,* with whom was *Vaughn E. Richardson* on the brief, for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Henry P. Turner, State's Attorney for Talbot County, Alfred T. Truitt* and *Hamilton P. Fox, Jr., State's Attorney* and *Special Assistant State's Attorney,* respectively, for Wicomico County, on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Johnnie Brown, was indicted by the Grand Jury for Wicomico County on September 9, 1958, on a charge

of murder. After various preliminary motions the case was removed to Dorchester County for trial. The defendant was convicted of murder in the first degree and sentenced to death, but on appeal this Court reversed and remanded the case for a new trial (220 Md. 29). He was tried on remand again in Dorchester County and was again convicted of murder in the first degree and sentenced to death, and on this second appeal this Court reversed and remanded the case for a new trial (222 Md. 290). Subsequent to the second remand the case was removed to Talbot County where it was tried a third time before a jury, which resulted in a verdict of guilty of murder in the first degree, and sentence of death.

The facts leading up to his trial and conviction are set forth in his prior appeals, will not be restated here, and are unnecessary to the consideration of the question presented on this appeal.

On the morning of the third day of the trial (three judges presiding), September 30, 1960, a conference was had in chambers wherein the prosecution and defense offered certain prayers or requests for instructions. Argument was had on such prayers or requests for instructions and the instructions were formulated or settled by the Court. Brown, the accused, was not present at this conference. Those in attendance were all counsel for the State and for the accused, and all members of the Court. Nothing of these proceedings in chambers affirmatively appears in the record of the trial except that it does appear that neither counsel for the prosecution nor the defense made any objection to the instructions as formulated by the court. The appellant's appendix, however, contains a stipulation signed by all counsel and approved by the three judges, which states "that after hearing all objections and requests, the Court prepared its instructions to be given the jury and counsel for both sides indicated no further objections to said instructions; that the defendant, Johnnie Brown, was not present during these discussions and conferences; that there was no objection made by the counsel for the defendant to his not being present; that the instructions formulated as a result of these discussions and con-

ferences were later read to the jury as the instructions of the Court."

The stipulation further states "that after the Court's instructions were reduced to final written form in chambers, the Court in the presence of counsel for both sides, before returning to the court room, asked all counsel whether there were any exceptions or requests for additional instructions and received replies in the negative. Then after returning to the court room and after the written instructions had been read by the Court to the jury, in the presence of the accused, the Court again inquired of counsel for both sides, in the presence of the accused, in open court whether there were any exceptions to the instructions as read or any requests for additional instructions to which counsel for both sides again replied in the negative."

The only contention made by the appellant in this appeal is that it was prejudicial error for the accused not to be present in chambers when proceedings were had wherein prayers or requests for instructions were offered by the defense and the prosecution, argument was had on such prayers or requests for instructions, and the instructions were settled or formulated by the court.

The precise question involved in this appeal is now presented to this Court for the first time. We have construed Article 5, Declaration of Rights, as giving the defendant the right to be present at every stage of the trial. *Midgett v. State,* 216 Md. 26, 37, 139 A. 2d 209; *LaGuardia v. State,* 190 Md. 450, 58 A. 2d 913; *Duffy v. State,* 151 Md. 456, 135 Atl. 189; *Dutton v. State,* 123 Md. 373, 91 Atl. 417; cf. *Noel v. State,* 202 Md. 247, 252, 96 A. 2d 7; Orfield, *Criminal Procedure from Arrest to Appeal,* at page 413. These cases were concerned with the giving of instructions or information to the jury or the taking of testimony in the absence of the appellant. They did not involve law arguments. In *Goldstein v. State,* 220 Md. 39, 46, 150 A. 2d 900, this Court held that a handbook of elementary instructions for prospective jurors was not a communication with the jury out of the defendant's presence.

The weight of authority holds that it is proper for the trial judge to consider prayers and hear law arguments in a criminal case out of the presence of the defendant. 23 C.J.S. *Criminal Law* § 974; 14 Am. Jur., *Criminal Law* § 189; 144 A.L.R. 199; *People v. Justice,* 334 P. 2d 1031, 1036 (Cal.). The seventh circuit rejected a contention to the contrary in *United States v. Jakalski,* 267 F. 2d 609, 611-612, *cert. den.* 362 U. S. 936. Recently the second circuit overruled a similar complaint from a defendant who was excluded from a conference in the judge's robing room. *United States v. Gironda,* 283 F. 2d 911, 912.

The minority view relied upon by the appellant is expressed in the West Virginia case of *State v. Howerton,* 130 S. E. 655. That case cites and refers to Virginia cases as authority supporting its position and at page 656 quotes from another West Virginia case: "The statute stands as it has stood in the Virginias for years: 'A person indicted for felony shall be personally present during the trial therefor.'"

It is interesting to note that the Supreme Court of Appeals of Virginia arrived at an opposite conclusion less than three weeks before in *Palmer v. Commonwealth,* 130 S. E. 398. The Virginia Court affirmed a thirty year sentence for murder on a factual situation very similar to the instant case. In the *Palmer* case the court took the position that the argument on prayers was "a suspension of the trial" and that the court was not "in session" but in "mere preparation for the resumption of such trial" by a "prudent preparation"; and on page 403 said:

> "Our conclusion, then, is that the ruling of the trial court is plainly right, and that, when the trial of a felony case is temporarily suspended in order that the judge may investigate legal questions presented by the instructions which are tendered, this is no part of that trial before a jury at which the presence of the accused is necessary. His presence, however, is necessary when the trial proper has been resumed, when the trial judge has reached his conclusions and is about to communicate the instruc-

tions to the jury. When this occurs, the trial is resumed, but the interval has been devoted, not to the trial, but to preparing for the trial."

The most compelling reasoning is set forth by Mr. Justice Cardozo in *Snyder v. Massachusetts,* 291 U. S. 97, 114:

"A defendant in a criminal case must be present at a trial when evidence is offered, for the opportunity must be his to advise with his counsel * * *, and cross-examine his accusers."

He also states at page 107 that the presence of the defendant, as a prerequisite of due process goes only "to the extent that a fair and just hearing would be thwarted by his absence". He concludes, at page 122, by saying:

"The law, as we have seen, is sedulous in maintaining for a defendant charged with crime whatever forms of procedure are of the essence of an opportunity to defend. Privileges so fundamental as to be inherent in every concept of a fair trial that could be acceptable to the thought of reasonable men will be kept inviolate and inviolable, however crushing may be the pressure of incriminating proof. But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true."

In this State it has been considered customary and proper for the trial judge to receive prayers and to hear argument of counsel in chambers during recess, out of the presence of the parties and the jury. The reception of prayers and supporting oral argument has never been considered as a part of the trial. Maryland Rule 739 requires that the court advise "counsel" of its "proposed action" on the prayers. The tentative ruling on the prayers does not take a definitive form until the instruction has been given to the jury, at which time counsel are given an opportunity to object to any designated

part of the instruction and to request modification or amplification, in accordance with Maryland Rule 739 f and g. *Goldstein v. State, supra;* and *Noel v. State, supra.*

We hold, therefore, that the consideration of prayers or instructions by the court in chambers out of the presence of the defendant and the jury did not constitute and violated no constitutional right guaranteed the appellant under the State or Federal Constitutions.

*Judgment affirmed.*