**Johnnie BROWN, Appellant,**

v.

**Franklin K. BROUGH, Warden Maryland Penitentiary, Appellee.**

**No. 9964.**

United States Court of Appeals Fourth Circuit.

Argued April 6, 1965.

Decided May 14, 1965.

H. Russell Smouse, Baltimore, Md. (Court-assigned counsel), for appellant.

Robert F. Sweeney, Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

Thrice convicted of the murder of a policeman, who was shot in the back, Johnnie Brown seeks a writ of habeas corpus in the federal courts for the second time on the ground of inadequacy of his trial counsel.

Represented by one of the most experienced criminal trial lawyers on the Eastern shore of Maryland, Brown's first two convictions were set aside by Maryland's Court of Appeals, 150 A.2d 895, 222 Md. 290, 159 A.2d 844. The third conviction was affirmed by that court, 225 Md. 349, 170 A.2d 300. All else failing, Brown attacked his trial and appellate counsel. Maryland's Court of Appeals appointed other counsel, ordered a full inquiry by an independent judge and affirmed the denial of post conviction relief.

All of the earlier proceedings are reviewed in our opinion on the first petition.[1] We there held that Brown had been fairly tried and that his representation by his highly experienced attorney had been not in the least inadequate. It was plainly exceptional.

Now Brown returns again saying his representation was inadequate because he was not told he had a right to waive a jury trial and to be tried by the court.

There is a stipulation that the trial attorney, if called as a witness, would tes-

1. Brown v. Pepersack, 4 Cir., 334 F.2d 9.

tify that he has no present recollection as to whether he talked with Brown about the alternatives of a trial to a jury or to the court, but that his only hope of avoidance of a verdict of guilty of murder was excitement of the sympathy of one or more jurors antipathetic to policemen. There was no other defense.

In the first appeal, we thoroughly canvassed the earlier proceedings. In agreement with Maryland's Court of Appeals, we concluded that Brown's third trial was entirely fair and unexceptionable. Explicitly and intimately involved was the performance of Brown's trial counsel, who had expended so much time and effort in Brown's behalf and with substantial success in securing the reversal of the first two convictions.

The present suggestion, in light of the stipulation as to the lawyer's answer, cannot alter our considered opinion that Brown was fairly tried and fairly convicted. The Maryland courts and Brown's appointed counsel have displayed a highly commendable concern for his rights and a talented effort to protect them.

The present contention cannot dissuade us from our earlier conclusion that Brown was fairly tried and more than adequately represented.

Affirmed.