Johnnie BROWN

v.

**Franklin K. BROUGH, Warden, Maryland Penitentiary.**

**Civ. No. 14372.**

United States District Court
D. Maryland.

Dec. 15, 1965.

H. Russell Smouse (court-appointed), Baltimore, Md., for petitioner.

Thomas B. Finan, Atty. Gen., of Maryland, Robert F. Sweeney, Asst. Atty. Gen., Chief, Crim.Div., and Morton A. Sacks, Asst. Atty. Gen., Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

In this, his third petition for a writ of habeas corpus filed in this Court, petitioner, a State prisoner under sentence of death, contends that his constitutional rights have been violated and that his detention at the present time is illegal on the stated grounds:

"That the Grand Jury for Wicomico County, Maryland, which indicted the Petitioner on September 9, 1958 and the Petit Jury for Talbot County, Maryland, which, on September 30, 1960, convicted the Petitioner of murder in the first degree were organized pursuant to the requirements of Article 36 of the Maryland Declaration of Rights and were therefore illegally and unconstitutionally constituted in that said juries were selected in violation of the First and Fourteenth Amendments of the Constitution of the United States. That the indictment which was returned by the Grand Jury for Wicomico County was, accordingly, invalid as was the verdict returned by the Petit Jury for Talbot County, Maryland in that the said indictment and verdict were returned by juries organized in con-

travention of the Constitution of the United States." [1]

Petitioner's present contention is based upon Schowgurow v. State, 240 Md. 121, 213 A.2d 475, decided October 11, 1965, in which the Court of Appeals of Maryland held that the provisions of Article 36 of the Maryland Declaration of Rights, requiring demonstration of belief in God as a qualification for service as a grand or petit juror, violated the Fourteenth Amendment and required a reversal of the conviction in that case.[2] Schowgurow was a Buddhist, who did not believe in God, but in State v. Madison, Md., 213 A.2d 880, the Court of Appeals applied the same rule to believers.

In both Schowgurow and Madison, however, the Court of Appeals ruled that the legal principle enunciated therein would not apply retroactively except for convictions that had not become final before the rendition of the opinion in Schowgurow.

In the instant case respondent attempted to prove as a fact that non-believers had not been excluded from the grand jury which indicted petitioner, but admits that he failed to prove that fact in this case. Respondent therefore abandoned his proffer to show that non-believers had not been excluded from the petit jury which found petitioner guilty. Respondent also attempted to show that petitioner himself believed in God at the time of his trial, in order to take him out of the class covered by the principle announced in Schowgurow, although he would, of course, still have been within the principle announced in Madison. Respondent again failed to prove the fact, and the evidence indicates the practical difficulties which would often be encountered if the application of the principle announced in Schowgurow were made to rest on the issue of a defendant's belief at the time of his indictment and trial.

In Smith v. Brough, Warden, D.Md., 248 F.Supp. 435, decided yesterday, this Court held that the ruling of the Court of Appeals of Maryland that the principles enunciated in Schowgurow and Madison should not be applied retroactively except for convictions which had not become final before the rendition of the Schowgurow opinion did not violate any provision of the Fourteenth Amendment or any other provision of the Federal Constitution; that the ruling was correct, and that its application in that case to deny relief to petitioner therein did not deprive him of due process of law or the equal protection of the laws or any other right under the United States Constitution.

The instant case differs from the Smith case in that the petitioner herein is under sentence of death.

At the end of its discussion of retroactivity in Schowgurow, the Maryland Court stated: "In the many difficult questions of constitutional law arising

---

1. Points previously raised by petitioner and his able and tireless court-appointed attorney are discussed in Brown v. Pepersack, D.Md., 217 F.Supp. 547 (1963), aff'd, Brown v. Pepersack, 4 Cir., 334 F.2d 9 (1964), cert. den., Brown v. Pepersack, 379 U.S. 917, 85 S.Ct. 269, 13 L.Ed.2d 188 (1964); Brown v. Brough, D.Md., March 23, 1965, unreported, aff'd, 4 Cir., Brown v. Brough, 346 F.2d 149 (1965), cert. den., Brown v. Brough, 86 S.Ct. 251 (1965).

2. Petitioner does not challenge the form of oath which was taken by all of the jurors, unless one or more of them elected to affirm, as permitted by Art. 1, sec. 9, of the Annotated Code of Maryland. The oath began with the words, "In the presence of Almighty God", as prescribed by Art. 1, sec. 10, of the Maryland Code. Such a challenge would be unavailing; the form of oath is not improper. See Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962), Zorach v. Clauson, 343 U.S. 306, 72 S.Ct. 679, 96 L.Ed. 954 (1952), and other cases cited in the Opinion of the Attorney General of Maryland, Oaths for Court Witnesses, November 2, 1965, Op.Atty.Gen. Md. In Kennard A. Smith v. State, Md., 214 A.2d 563, filed November 30, 1965, the Court of Appeals noted that it had not held in either Schowgurow or Madison that the oaths administered to the jurors were unconstitutional or illegal in any way because of their references to God.

from criminal trials, the protection of the rights of the individual is weighed against the protection of society. Both are basic to ordered liberty. On the matter of retroactivity here involved, the dip of the scales is obvious." 240 Md. at 123, 213 A.2d at 484.

In Williams v. State of Georgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955), Mr. Justice Frankfurter said:

"* * * That life is at stake is of course another important factor in creating the extraordinary situation. The difference between capital and non-capital offenses is the basis of differentiation in law in diverse ways in which the distinction becomes relevant. We think that orderly procedure requires a remand to the State Supreme Court for reconsideration of the case. Fair regard for the principles which the Georgia courts have enforced in numerous cases and for the constitutional commands binding on all courts compels us to reject the assumption that the courts of Georgia would allow this man to go to his death as the result of a conviction secured from a jury which the State admits was unconstitutionally impaneled. Cf. Mooney v. Holohan, 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791]." 349 U.S. at 390–391, 75 S.Ct. at 823–824.

The facts in Williams v. State of Georgia argued more strongly in favor of relief than the facts of the instant case, but when a death sentence is placed in the balance, the Court of Appeals of Maryland should be given the opportunity to decide whether the dip of the scales is the same as in the case of a man who is serving a term of imprisonment.

 This Court has no jurisdiction to remand a case to the State courts, but can deny the present petition without prejudice, so that petitioner may promptly present the point under consideration to the State courts, and renew his application here if he is unsuccessful. This Court does not intimate what action it would take in that event.

Final action on the present petition will not be taken at this time, and petitioner is hereby remanded to the custody of respondent; but the stay of execution granted by this Court is continued until further order of this Court, upon the condition that petitioner present to the appropriate State court a petition for relief under the P.C.P.A., based upon the grounds relied on herein, within thirty days from the date of this opinion, and file a timely application for leave to appeal from any denial of such petition. After final decision in the State proceeding he will be heard again herein, if necessary.