**William H. JACKSON, #H2690**

v.

**John GARRITY, Warden, Maryland House of Correction.**

Civ. No. 10591.

United States District Court
D. Maryland.

Dec. 29, 1965.

Supplementary Opinion Jan. 17, 1966.

William H. Jackson, in pro per.

Thomas B. Finan, Atty. Gen. of Maryland, Baltimore, Md., for John Garrity.

THOMSEN, Chief Judge.

After twelve futile and largely frivolous petitions for habeas corpus herein, and proceedings in other courts (see summary in footnote 1 to memorandum order of the Fourth Circuit, dated February 9, 1965, No. 10591), Jackson has filed a thirteenth petition and a supplement thereto, in which he contends: (1) that the grand jury which indicted him was illegally composed; (2) that his trial was illegal because the judge who heard his case without a jury had been required to declare his belief in God be-

1

**2**

fore taking office; and (3) that the witnesses at petitioner's trial were required to state their belief in God before testifying. These points are based upon Schowgurow v. State, 240 Md. 121, 213 A.2d 475 (1965), and State v. Madison, Md., 213 A.2d 880 (1965).

 (1) The first ground is without merit. Smith v. Brough, D.Md., 248 F. Supp. 435, December 20, 1965.

Petitioner's conviction became final long before the decision of the Court of Appeals of Maryland in Schowgurow. The record does not support Jackson's argument that his conviction is not yet final. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

 (2) The second is likewise without merit. Ralph v. Brough, D.Md., 248 F.Supp. 334, December 22, 1965.

 (3) With respect to the third ground, petitioner is wrong on his facts. Witnesses in Maryland are not required to declare their belief in God. A witness may affirm instead of taking an oath. Md.Code, Art. 1, sec. 9. The oath administered to witnesses begins with the words, "In the presence of Almighty God," as prescribed by Art. 1, sec. 10 of the Code. That form of oath is not improper. See Engel v. Vitale, 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962), Zorach v. Clauson, 343 U.S. 306, 72 S. Ct. 679, 96 L.Ed. 954 (1952), and other cases cited in the Opinion of the Attorney General of Maryland, Oaths for Court Witnesses, November 2, 1965, —— Op.Atty.Gen. Md. ——. In Smith v. State, Md., 214 A.2d 563, filed November 30, 1965, the Court of Appeals noted that it had not held in either Schowgurow or Madison that the oaths administered to the jurors were unconstitutional or illegal in any way because of their references to God.

Leave to file in forma pauperis is hereby granted.

The petition for a writ of habeas corpus is hereby denied.

### SUPPLEMENTARY OPINION

 Petitioner's request for reconsideration of the order of this Court dated December 29, 1965, must be denied. Petitioner assumes that the oath administered to witnesses in Maryland concludes with the words "So help you God", and that if a witness refused to take this oath he would not be allowed to testify. Neither assumption is true. Article 1, section 10, of the Maryland Code provides:

"The form of judicial and all other oaths to be taken or administered in this State, and not prescribed by the Constitution, shall be as follows: 'In the presence of Almighty God I do solemnly promise or declare,' etc. And it shall not be lawful to add to any oath the words 'So help me God,' or any imprecatory words whatever."

Request for reconsideration is hereby denied.