James Francis SMITH, Appellant,

v.

STATE OF MARYLAND, Appellee.

No. 10507.

United States Court of Appeals
Fourth Circuit.

Argued May 30, 1966.

Decided June 17, 1966.

Morris Lee Kaplan, Baltimore, Md. (Court-assigned counsel), (Michael Lee Kaplan, Baltimore, Md., on brief), for appellant.

Morton A. Sacks, Asst. Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, and Robert F. Sweeney, Asst. Atty. Gen. of Maryland, on brief), for appellee.

Thomas S. Currier, Charlottesville, Va., amicus curiae.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and HEMPHILL, District Judge.

HAYNSWORTH, Chief Judge.

In this federal habeas corpus proceeding, Smith attacks his Maryland conviction of obtaining money under false pretenses on the ground of exclusion of nonbelievers in God from the Grand Jury which returned the indictment. He, himself, staunchly professes belief in God, and his conviction was final before the Maryland Court of Appeals declared Article 36 of the Maryland Declaration of Rights invalid. Under those circumstances, we think the petition was properly denied.

In Schowgurow v. State, 240 Md. 121, 213 A.2d 475, the Court of Appeals of Maryland declared the invalidity of Article 36 of Maryland's Declaration of Rights, which, after declaring that no person should be deemed incompetent for jury service by reason of religious belief, restricts the provision to those who believe in God and who believe that they will be Divinely held to a moral accountability for their acts and be rewarded or punished therefor in this world or in a life hereafter. The effect of the provision, as interpreted, was to make nonbelief in any Supreme Being a disqualification for service as a juror. To the extent that Article 36 required such disqualification, the Maryland Court of Appeals found it constitutionally invalid when the indicted defendant was a nonbeliever. In State v. Madison, 240 Md. 265, 213 A.2d 880, the same provision was held to deny due process to a believer.

The Court of Appeals of Maryland in Schowgurow and Madison, however, undertook to limit the retroactive application of its holdings to those cases in which the judgment of conviction had not become final on the date its decision in Schowgurow was announced. It adopted the formulation of Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601, limiting the retroactive application of Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

The petitioner here asserts a federal constitutional right to the benefits of the decision of the Maryland Court of Appeals in Madison notwithstanding the fact that the judgment of conviction he attacks had become final prior to the decision in Schowgurow.

In denying the petition, the District Court wrote a thorough and exhaustive opinion,[1] upon the basis of which as applied to this case only, we affirm. Since a number of related cases which will shortly be scheduled for hearing in this court present more difficult problems in this area we think it appropriate to indicate sketchily the basis of our decision of the restricted problem now presented.

Whether Smith's indictment was void in light of Madison, as Smith earnestly contends, or only voidable under state law, is clearly a question for the state. A state's resolution of such issues ordinarily has no federal overtones. Similarly, there are ordinarily no federal limitations upon the right of the state to limit reasonably the retroactive application of its state laws and rules of decision.[2] To succeed in his federal habeas corpus petition, Smith must show a violation of some right secured to him by the Fourteenth Amendment.

He shows no violation of any equal protection claim, for he was a believer in God at the time of indictment and at the time of the hearing in the court below. He was not a member of the excluded class, had no affiliation with it and shows no other special circumstances which would make the exclusion of nonbelievers in this pre-Schowgurow indictment a denial of equal protection to Smith.

His due process claim is limited by the principle that expanding concepts of due process may be restricted in retroactive application to judgments which have not become final if the defect

1. Smith v. Brough, Warden, D.Md., 248 F. Supp. 435.

2. Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360.

has not infected the fact-finding process or cast doubt upon its integrity. In such a situation, the competing interests are to be weighed under the standards set forth in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, and Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453. They all militate against an unrestricted application of the new doctrine here. Under those circumstances, while the due process clause may be the foundation of the claim, Maryland's limited retroactive application of the Madison doctrine is not in itself a violation of the Fourteenth Amendment.

Upon the basis of these principles, more fully discussed and documented in the opinion of the District Court, the denial of Smith's petition for a writ of habeas corpus is affirmed.

Affirmed.