Percy DeTORO

v.

**WARDEN, MARYLAND PENI-
TENTIARY.**

William RALPH

v.

**WARDEN, MARYLAND PENI-
TENTIARY.**

Johnnie BROWN

v.

**WARDEN, MARYLAND PENI-
TENTIARY.**

Civ. Nos. 16804, 13693, 14372.

United States District Court
D. Maryland.

Feb. 20, 1967.

William J. McCarthy, Baltimore, Md., for DeToro, petitioner.

Edward L. Genn, Silver Spring, Md., for Ralph, petitioner.

H. Russell Smouse, Baltimore, Md., for Brown, petitioner.

Francis B. Burch, Atty. Gen. of Maryland, and Franklin Goldstein, Asst. Atty. Gen., Baltimore, Md., for Warden, respondent.

Marshall A. Levin and Elsbeth Levy Bothe, Baltimore, Md., amici curiæ.

Before THOMSEN, Chief Judge, and NORTHROP, District Judge.

PER CURIAM.

Petitioners in these three cases, State prisoners under sentence of death, have filed habeas corpus petitions based upon the decision of the Court of Appeals of Maryland in Schowgurow v. State, 240 Md. 121, 213 A.2d 475 (1965), in which the Court held that the provisions of Article 36 of the Maryland Declaration of Rights, requiring demonstration of belief in God as a qualification for service as a grand or petit juror, violated the Fourteenth Amendment and required a reversal of the conviction in that case. Schowgurow was a Buddhist, who did not believe in God, but in State v. Madison, 240 Md. 265, 213 A.2d 880 (1965), the Court of Appeals applied the same rule to believers.

In both *Schowgurow* and *Madison,* however, the Court of Appeals ruled that the legal principle enunciated would not apply retroactively except for convictions that had not become final before the rendition of the opinion in *Schowgurow.* In each of the cases now under considera-

tion, the sentence imposed upon the petitioner became final before October 11, 1965, the date of the decision in *Schowgurow*.[1]

In Smith v. Brough, Warden, D.Md., 248 F.Supp. 435 (1965), this Court held that the ruling of the Court of Appeals of Maryland that the principles enunciated in *Schowgurow* and *Madison* should not be applied retroactively except for convictions which had not become final before the rendition of the *Schowgurow* opinion did not violate any provision of the Fourteenth Amendment or any other provisions of the Federal Constitution; that said ruling was correct; and that its application in *Smith* to deny relief to the petitioner therein did not deprive him of due process of law or the equal protection of the laws or any other right under the United States Constitution. That decision was affirmed on appeal, Smith v. State of Maryland, 4 Cir., 362 F.2d 763 (1966).

Nevertheless, in the case of one of the petitioners herein, Brown v. Brough, Warden, D.Md., 248 F.Supp. 342 (1965),

this Court noted that in *Schowgurow*, the Maryland Court had stated: "In the many difficult questions of constitutional law arising from criminal trials, the protection of the rights of the individual is weighed against the protection of society. Both are basic to ordered liberty. On the matter of retroactivity here involved, the dip of the scales is obvious." 240 Md. at 123, 213 A.2d at 484. On the basis of that statement, and of the language of the Supreme Court in Williams v. State of Georgia, 349 U.S. 375, 390–391, 75 S.Ct. 814, 99 L.Ed. 1161,[2] this Court felt that when a death sentence is placed in the balance, the Court of Appeals of Maryland should be given the opportunity to decide whether the dip of the scales is the same as in the case of a man who is serving a term of imprisonment. Accordingly, this Court reserved ruling on Brown's petition so that he might file a new petition under the PCPA and the Maryland Court might consider the question. A similar ruling was made in Ralph's case, Ralph v. Brough, Warden, D.Md., 248 F.Supp. 334 (1965).

1. (a) DeToro v. State, 227 Md. 551, 177 A.2d 847 (1962); DeToro v. Warden, 231 Md. 635, 190 A.2d 783 (1963); Application of DeToro, D.Md., 222 F.Supp. 621 (1964); DeToro v. Pepersack, 4 Cir., 332 F.2d 341 (1964), cert. den. 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181 (1964); Application of DeToro, D.Md., 247 F.Supp. 840 (1965).

(b) Ralph v. State, 226 Md. 480, 174 A.2d 163 (1961), cert. den. sub nom. Ralph v. Maryland, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 613 (1962); Ralph v. Pepersack, D.Md., 203 F.Supp. 752 (1962); Ralph v. Warden, 230 Md. 616, 185 A.2d 366 (1962); Ralph v. Pepersack, D.Md., 218 F.Supp. 932 (1963), aff'd, 4 Cir., 335 F.2d 128 (1964), cert. den. 380 U.S. 925, 85 S.Ct. 907, 13 L.Ed.2d 811 (1965); Ralph v. Brough, D.Md., 248 F.Supp. 334 (1965).

(c) Brown v. State, 220 Md. 29, 150 A.2d 895 (1959); Brown v. State, 225 Md. 349, 170 A.2d 300, 85 A.L.R.2d 1107 (1961); Brown v. Warden, 228 Md. 654, 179 A.2d 419 (1962), cert. den., Brown v. State of Maryland, 372 U.S. 960, 83 S.Ct. 1017, 10 L.Ed.2d 13 (1963); Brown v. Warden, 230 Md. 629, 186 A.2d 595 (1962); Brown v. Pepersack, D.Md., 217 F.Supp. 547 (1963), aff'd, 4 Cir., 334 F.2d 9 (1964), cert. den., Brown v. Pepersack,

379 U.S. 917, 85 S.Ct. 269, 13 L.Ed. 2d 188 (1964); Brown v. Brough, D.Md., March 23, 1965, unreported, aff'd. 4 Cir., 346 F.2d 149 (1965), cert den., 382 U.S. 910, 86 S.Ct. 251, 15 L.Ed.2d 162 (1965); Brown v. Brough, Warden, D.Md., 248 F. Supp. 342 (1965).

2. " * * * That life is at stake is of course another important factor in creating the extraordinary situation. The difference between capital and non-capital offenses is the basis of differentiation in law in diverse ways in which the distinction becomes relevant. We think that orderly procedure requires a remand to the State Supreme Court for reconsideration of the case. Fair regard for the principles which the Georgia courts have enforced in numerous cases and for the constitutional commands binding on all courts compels us to reject the assumption that the courts of Georgia would allow this man to go to his death as the result of a conviction secured from a jury *which the State admits was unconstitutionally impaneled.* Cf. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L. Ed. 791." 349 U.S. at 390–391, 75 S.Ct. at 823.

The Maryland Court has now decided the question. In Young v. Warden, Md., 224 A.2d 842 (1966), the Court, speaking through Chief Judge Hammond, said:

"The application of the *Schowgurow* doctrine to cases in the post conviction stage has already specifically been rejected in a number of instances. (citations omitted). While none of these cases involved a petitioner sentenced to death, we see no basis for establishing a special category of exceptions to the *Schowgurow* non-finality rule for cases in which the death penalty has been imposed.

"The constitutionality of the limitation on retroactivity was discussed in *Schowgurow*, 241 [240] Md. at 132 ff., 213 A.2d 475. The constitutional question recently was again considered in a somewhat different context in Mastromarino v. Director, Md., 224 A.2d 674 (filed December 12, 1966). Recognizing certain analogies between defective delinquency proceedings and criminal proceedings, we there held, with the benefit of the Supreme Court's decision in Johnson v. State of New Jersey [384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 882], that complete retroactivity is not required for all constitutional decisions. *Johnson* had noted that retroactive application of each constitutional rule of criminal procedure depends on weighing the function of that rule, its background and its impact on the administration of justice. The petitioner does not claim actual prejudice in being indicted by a grand jury whose members had been required to swear to a belief in God. While we felt we should presume prejudice in criminal cases which had not become final before the opinion in *Schowgurow*, we see no consideration of public policy or of the proper administration of justice which requires or suggests that we must here do so in cases already final. The invalidity of the jury composition was technical and did not go to the individual or composite personal qualifications and competence of those who served. See also Hyde v. State, 240 Md. 661, 215 A.2d 145 (1965), where in a post conviction proceeding we refused to apply the rule of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, retroactively to a decision already final, in part on the theory that the denial of counsel there did not go to the reliability of the guilt-determining process."

See also Ralph v. Warden, Md., 224 A.2d 851 (1966), and Brown v. Warden, Md., 226 A.2d 333 (1967).

After giving careful consideration to the arguments made by the able and dedicated attorneys for petitioners,[3] this Court has concluded that the decision of the Maryland Court in Young v. Warden, quoted above, is correct, and its application to these petitioners does not deprive them of any constitutional right. This conclusion is supported by the recent decision of the Supreme Court in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, decided June 20, 1966, in which the Supreme Court held that the rulings in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), should not be applied retroactively, but that *Escobedo* is available only to persons whose trials began after the date on which *Escobedo* was decided, and that the guidelines stated in *Miranda* are available only to persons whose trials had not begun before the date of the decision in *Miranda*. It should be noted that Johnson v. State of New Jersey was a collateral proceeding for post conviction relief filed by two State prisoners under sentence of death.

Petitioners have not claimed or shown any actual prejudice to them as a result of the exclusion of non-believers from

3. Since counsel for a number of other State prisoners whose sentences became final before *Schowgurow* have raised the same point, and others may do so in the future, the Court invited all attorneys in similar cases to participate in the argument herein as amici curiae.

the grand juries which indicted them and from the petit juries which convicted them. The possibility of any such prejudice in their cases is very slight, at best, certainly much less than that which existed in Johnson v. State of New Jersey. In Williams v. State of Georgia, 349 U.S. 375, 75 S.Ct. 814 (1955), where the likelihood of prejudice was greater than in these cases, the Supreme Court did not hold that the constitutional rights of petitioners had been violated, but remanded the case for consideration of that question by the State Court.

In each of the three cases now under consideration, an order will be entered denying the relief prayed, and remanding petitioner to the custody of respondent.