Isaac JACOBS, Appellant,

v.

Franklin K. BROUGH, Warden, Maryland
Penitentiary, Appellee.

No. 10968.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 12, 1967.

Decided March 28, 1967.

Daniel G. Grove and John C. Cratsley,
Washington, D. C. (Court-assigned coun-
sel), for appellant.

Edward L. Blanton, Jr., Asst. Atty.
Gen. of Maryland (Robert C. Murphy,
Atty. Gen. of Maryland, on brief), for
appellee.

Thomas S. Currier, Charlottsville, Va.,
amicus curiae.

Before HAYNSWORTH, Chief Judge,
and BRYAN and CRAVEN, Circuit
Judges.

ALBERT V. BRYAN, Circuit Judge:

This appeal questions the 14th Amend-
ment-validity of the refusal of retroac-
tivity to the Maryland Court of Appeals'
decision vitiating indictments returned
by grand jurors who, to qualify, were
required to take an oath declaring a be-
lief in God. The requirement is written
in *"Article 36. Religious freedom"* of
the State constitution in these words:

> "nor shall any person, otherwise com-
> petent, be deemed incompetent as a
> witness, or juror, on account of his
> religious belief; provided, he believes
> in the existence of God, and that un-
> der His dispensation such person will
> be held morally accountable for his
> acts, and be rewarded or punished
> therefor either in this world or in
> the world to come."

Our later advertences to the "oath" re-
fer to this exaction.

Appellant Isaac Jacobs is an in-
mate in the Maryland penitentiary serv-
ing a sentence of twenty-one years on
felony convictions in 1956 upon an in-
dictment found nine years before the
ruling of the Court of Appeals. He is
a self-alleged non-believer. After denial
by the State courts, his claim was sea-
sonably pressed in the District Court
for release on habeas corpus on the
ground that the 14th Amendment re-
quires retroactive invalidation of his in-
dictment in effectuation of the Court

of Appeals' decision. Because Jacobs was tried by the court sitting alone, his strictures do not embrace this oath when taken by a petit jury. The District Court dismissed his petition and we affirm.

The controlling decision was made in Schowgurow v. State, 240 Md. 121, 213 A.2d 475 (1965). It struck down the oath as offending the 14th Amendment—applying the First to the State—by invading the juryman's freedom of belief and religion. The holding was prompted by Torcaso v. Watkins, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961), annulling a similar oath demanded of Maryland public officers. Although invalidating indictments and verdicts of juries impaneled on this adjuration, the Court of Appeals gave only prospective force to the decision, saying, p. 482:

> "We believe that the proper administration of justice requires, and we accordingly hold, that *the legal principle enunciated in this case shall not apply retroactively*, except for convictions which have not become final before rendition of this opinion.

> "The decision rendered today is a new ruling, reversing, because of a decision of the Supreme Court, what has been the law in this State for over a century. There is no decision of this Court, and we know of none of the Supreme Court, which prohibits our determination that, with the exception stated, our holding in this case shall not be retroactive. * * *"

(Accent added.)

That *Schowgurow* avoided any pending or subsequent indictment of a believer as well as of a non-believer, was declared twenty-five days later in State v. Madison, 240 Md. 265, 213 A.2d 880 (1965). The Court observed in both instances that proof of actual prejudice was unnecessary to a claim under the 14th Amendment since the Constitutional provision was invalid on its face. In each case, the defendant had moved for dismissal prior to trial.

Then, in Smith v. State of Maryland, 362 F.2d 763 (4 Cir. 1966), we refused habeas corpus to a State prisoner seeking release or retrial in light of *Schowgurow*. The denial was on this reasoning: that since he was a believer in God when indicted, and his conviction became final before *Schowgurow*, and as "expanding concepts of due process may be restricted in retroactive application", the petitioner had not shown a 14th Amendment violation.

Presently, to repeat, Jacobs avows his irreligion. The District Court has rejected his charge of unconstitutionality against the Maryland Court of Appeals' limitation of the effectiveness of *Schowgurow*. The State court had emphasized its ruling was new—the sacrament had been accepted in Maryland for more than a century, and not until Torcaso v. Watkins, supra, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961), did its legitimacy become suspect. The constitutionality of the confinement of a judicial enunciation to post-decision application, as in *Schowgurow*, has been authoritatively settled.

The starting point for discussion is Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). There the doctrine of Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)—excluding in a State prosecution evidence obtained by means impermissible under the 4th Amendment —was given only prospective effect. The Court said:

> "Once the premise is accepted that we are neither required to apply, nor prohibited from applying, a decision retrospectively, we must then weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. * * *"

Additional considerations stated by the Court, for determining whether a new ruling should be revertive or only projective, were: the tendency, if any, of the prior ruling—here the oath—to undermine "the very integrity of the fact-

finding process" or the "judicial process" generally, and the impact of the new ruling "in the administration of justice".

*Schowgurow's* resolve to give only after-effect to the decision was reached on careful apposition of the *Linkletter* criteria to the corresponding considerations in the Maryland case. A like conclusion—prospective application—was found justified. In view of the painstaking study of the parallel by the Maryland Court of Appeals, we would add nothing by a rehearsal of its factor-by-factor application. It is enough that on the facts of *Schowgurow* we agree that logic and law warrant adoption of the same view as prevailed in *Linkletter*.

Since *Schowgurow* the Supreme Court has consistently adhered to *Linkletter*. For example, in Tehan v. U. S. ex rel. Shott, 382 U.S. 406, 86 S.Ct 459, 15 L.Ed.2d 453 (1966), past convictions were held unaffected by the forbiddance of adverse comment upon a defendant's failure to testify. Again, in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), future force only was accorded Escobedo v. State of Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d. 977 (1964), denouncing in-custody interrogation in the absence of counsel, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), outlining procedures to safeguard the 5th Amendment privileges. The *Linkletter* reasoning was reaffirmed, too, by the Chief Justice in his dissent in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (January 23, 1967).

■ Finally, even if the criminal court on the trial of the appellant Jacobs should not have allowed the oath to be administered as written in the Maryland constitution, and "though the error complained of might be fundamental it is not of the nature requiring us to overturn all convictions based upon it". Linkletter v. Walker, supra, 381 U.S. 618, 85 S.Ct. 1731, 1743, 14 L.Ed.2d 601, 639–640. The District Court rightly refused to discharge Jacobs.

Affirmed.