# BROWN *v.* WARDEN, MARYLAND PENITENTIARY

[App. No. 1 (Adv.), September Term, 1972.]

*Decided June 30, 1972.*

Before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

PER CURIAM:

The applicant here, Johnnie Brown, seeks leave to appeal from an order of Judge Rasin which dismissed his petition filed in the Circuit Court for Talbot County under the Uniform Post Conviction Procedure Act.

After this Court reversed two earlier convictions, (*Brown v. State*, 220 Md. 29, 150 A. 2d 895 (1959) and *Brown v. State*, 222 Md. 290, 159 A. 2d 844 (1960)), the applicant was again found guilty of murdering a Salisbury city policeman and received the death penalty. That judgment was affirmed in *Brown v. State*, 225 Md. 349, 170 A. 2d 300 (1961). Subsequently, Brown filed his initial petition for post conviction relief which the Circuit Court for Talbot County denied on August 7, 1962 and we refused to grant leave to appeal from that determination. *Brown v. Warden*, 230 Md. 629, 186 A. 2d 595 (1962), *cert. denied*, 372 U. S. 960 (1963). When these efforts in the Maryland courts did not bear fruit, Brown engaged in extensive but equally futile legal maneuvers in the federal courts.[1]

Thereafter, on March 17, 1972, the applicant filed his second petition under the Uniform Post Conviction Procedure Act and subtitle BK of the Maryland Rules alleging in his own words:

"1. Denied right to testify in own behalf.
2. Inadequate representation.
3. Violation of 'exclusionary rule', by court.
4. Deputy Sheriff never presented in court.
5. Illegal separation of Jury.
6. Denied right to Motion for New Trial Hearing.
7. Improper remarks to Jury."

1. *Brown v. Pepersack*, 217 F. Supp. 547 (D. Md. 1963), *aff'd* 334 F. 2d 9 (4th Cir. 1964), *cert. denied*, 379 U. S. 917 (1964); *Brown v. Brough* (unreported) decided by the U. S. District Ct. for the District of Maryland on March 23, 1965, *aff'd* 346 F. 2d 149 (4th Cir. 1965), *cert. denied*, 382 U. S. 910 (1965); *Brown v. Brough*, 248 F. Supp. 342 (D. Md. 1965); *Brown v. Warden*, 264 F. Supp. 528 (D. Md. 1967), *aff'd* by the U. S. Ct. of Appeals for the Fourth Circuit on September 22, 1967, *cert. denied*, 390 U. S. 992 (1967).

Judge Rasin dismissed this petition after concluding that "Under the provisions of Maryland Rule BK48, Brown's current contentions, even if not previously raised, come too late [and] there is no allegation by Brown that his failure to raise the contentions he now raises should be excused because of special circumstances." Rule BK48 a specifies:

> "An allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not the petitioner actually took such an appeal), in any habeas corpus or coram nobis proceeding actually instituted by the petitioner, in a prior petition under the Uniform Post Conviction Procedure Act, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner."

Subsection b of this rule provides there shall be a rebuttable presumption that a petitioner intelligently and knowingly failed to make an allegation not made on direct appeal or in a prior post conviction procedure petition. When the applicant received notification of the order of dismissal, he promptly filed a petition requesting permission to show the existence of special circumstances which, he argued, would justify consideration of his present contentions. Judge Rasin also denied this request.

It is clear that all seven of the allegations of error now relied on could have reasonably been raised either in the direct appeal or in the initial petition for relief under the Uniform Post Conviction Procedure Act. But, they may not now be considered unless there is a showing of special circumstances as contemplated by Rule BK48. After the dismissal of this latest petition, Brown belatedly requested permission to show the existence of "special cir-

cumstances" stating that if given an opportunity he would establish the following: he was not aware of this "technicality or new law"; he could not have filed these present allegations of error in any prior proceeding because his counsel had the trial transcript and it was not available to him; his counsel did not, in accordance with his request, raise contentions as to error in the prior hearings; and at the time the prior review was being sought, he was a patient at Clifton T. Perkins State Hospital and had become "so depressed that he could not function sufficiently to aid counsel nor properly present his case fully before the court."

We conclude Judge Rasin was correct in disallowing "the petition to show special circumstances." The statements it contained are too general and made no attempt to show a causal connection with each of the seven allegations. Furthermore, any claims of special circumstances should have been incorporated with the second post conviction petition and must have set forth an adequate account of these unusual factors as they relate to each new assertion. Such an explanation, if proven, could possibly provide the court with a basis to conclude that the failure to raise the contentions earlier was not a waiver and their omission is excusable.

As a final issue, Brown urges us to find that it was improper for Judge Rasin to hear this second post conviction petition because he ruled on the initial one. This argument is not well founded. Neither statute nor rule requires disqualification under these circumstances; only a judge who sat at the trial is ineligible to hear a post conviction petition. See Rule BK44 c.

Judge Rasin's orders dismissing both the petition for post conviction review and the later application seeking authorization to show special circumstances were correct.

*Application denied.*