## ALLEN *v.* STATE

[No. 164, September Term, 1962.]

*Decided February 5, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*W. A. C. Hughes, Jr.,* for the appellant.

*Robert C. Murphy, Deputy Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *George J. He-*

534

*linski, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The defendant appeals from a conviction of first degree murder, without capital punishment, and the sentence of life imprisonment prescribed therefor by statute. He contends that he, as well as the deceased, had been drinking heavily on the night of the shooting and that he was consequently incapable of the premeditation which must be proven in order to sustain a charge of first degree murder.

There is evidence that the defendant and the deceased had had some words earlier in the evening while they were at a tavern, that the defendant left, went to his home, got a small pistol, returned to the tavern, called the deceased outside and shot him twice, and then went home and to bed. The defendant showed that he was an epileptic and he also claimed that he acted in self-defense.

The trial judge, before whom the defendant was tried without a jury, found on the basis of a medical report that epilepsy played no primary role in the affair and that the defendant was mentally responsible. He also considered and rejected the defense of self-defense. We find no basis upon which to overturn his findings of fact. In *Armstead v. State,* 227 Md. 73, 175 A. 2d 24, which was also a first degree murder case in which the defendant suffered from epilepsy and had been drinking heavily, this court refused to adopt the so-called diminished responsibility rule. We think that the *Armstead* case is controlling here.

*Judgment affirmed.*