DOMNEYS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 23, September Term, 1963.]

660

*Decided October 21, 1963.*

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

On April 3, 1961, Frank Oliver Domneys, the applicant for leave to appeal, was found guilty of rape by a jury in the Criminal Court of Baltimore, and was sentenced to death by Judge Carter. In his appeal to this Court the judgment was affirmed. *Domneys v. State,* 229 Md. 388.

Domneys then filed a petition in the Criminal Court of Baltimore under the Uniform Post Conviction Procedure Act, alleging that: (1) he did not receive a fair and impartial trial; (2) he did not receive adequate legal representation; and (3) the evidence presented by the State was not legally sufficient to sustain the charge of rape. When counsel was appointed, the petition was amended to include the allegation that the jury was not fairly and adequately instructed that they might add to their verdict, if they decided the defendant was guilty of rape, the phrase "without capital punishment." Judge Prendergast denied petitioner's application for relief. From that denial, he applied to this Court for leave to appeal.

All contentions were carefully considered by Judge Prendergast, and we adopt the reasons assigned by him in his original memorandum for denial of relief on petitioner's first three grounds. In a supplemental memorandum he held that there was no merit to the fourth contention, and we agree. (We note, in passing, that the charge of the trial judge was not excepted to on this ground and the point was not mentioned in brief or argument on appeal.)

Judge Carter said in his charge to the jury that counsel on both sides had discussed the matter of "the disposition of the case in the event you find the defendant guilty." He then read to the jury Sec. 461 of Art. 27 of the Code, providing that every person convicted of rape shall at the discretion of the

court suffer death or confinement for life or confinement for not less than eighteen months nor more than twenty-one years, and added: "* * * you will notice in that section that there are certain extremes. * * * In other words, under that section, a conviction could be either the death penalty or life imprisonment or not less than eighteen months nor more than twenty-one years." Judge Carter immediately followed this explanation by the following:

> "Section 463 is headed Verdict without Capital Punishment. The jury which finds any person guilty of rape under Section 461 of this sub-title, which I just read to you, or guilty of carnal knowledge, under Section 462 of this sub-section, which is not applicable here, may add to their verdict the words, 'without capital punishment' in which event the sentence of the court shall not exceed twenty years in the penitentiary; and in no such case in which the jury has returned a verdict including the words, 'without capital punishment,' shall the court in imposing sentence, sentence the convicted person to pay the death penalty or to be confined in the penitentiary for more than twenty years."

We think there can be no real doubt that the jury was made fully aware that, if it deemed it proper, it could prevent the death penalty by qualifying its verdict of guilty by the phrase "without capital punishment."

*Application denied.*