## THOMAS v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 78, September Term, 1963.]

*Decided June 17, 1964.*

Before the entire Court.

PRESCOTT, J., delivered the opinion of the Court.

On January 3, 1961, the applicant, represented by counsel of his own choosing, pleaded guilty to a violation of the narcotic laws (second offender), and was sentenced to ten years' confinement.

He now seeks relief under the Post Conviction Procedure Act, and relies upon two contentions: (1) that he was searched and arrested without a warrant and the "fruits" of his having been illegally searched were used against him; and (2) that he was induced to enter a plea of guilty, without full knowledge on his part as to the plea.

It will be noted that applicant's conviction predated the decision in *Mapp v. Ohio*, 367 U. S. 643. At his Post Conviction hearing, the trial judge made no finding of fact as to whether the search of applicant was unreasonable, but held that his plea of guilty was made freely and with full knowledge of its meaning and consequences; hence, if he had a defense based on the correctness of this ruling, as to the effect of his plea, seems to depend upon whether the holding in *Mapp, supra,* is retroactive or prospective in effect. Cf. *Hall v. Warden,* 313

F. 2d 483; *Fahy v. Connecticut,* 375 U. S. 85. We have not found any case wherein the Supreme Court has, as yet, determined whether *Mapp* is, or is not, retroactive.

However, it is possible that a factual finding upon the question of the reasonableness, *vel non,* of the search of the applicant may solve both his contentions. We will, therefore, grant leave to appeal and remand the case for further proceedings.

> *Leave to appeal granted and case remanded for further proceedings.*