NANCE *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 108, September Term, 1964.]

*Decided July 1, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, SYBERT and BARNES, JJ.

HAMMOND, J., delivered the opinion of the Court.

The petitioner Nance was tried and found guilty on an indictment charging only that he was a rogue and vagabond and was also tried and found guilty generally on three other indictments, each of four counts, charging, respectively, burglary from a storehouse, larceny of more than $500, being a rogue and vagabond, and receiving stolen goods. Judge Cullen gave the petitioner a one-year suspended sentence in the rogue and vagabond case, ten years on two of the other indictments to run concurrently, and four years on the third indictment to run consecutively to the first two. In 1958 Nance filed his first petition for relief under the Post Conviction Procedure Act, which was denied by Judge Allen. An application for leave to

appeal was denied by this Court, *Nance v. Warden,* 220 Md. 684, cert. den. 362 U. S. 936. The present petition for relief was heard in November 1964 by Judge Harris on five contentions which Nance claims were then grounds for relief:

1. His original trial counsel did not advise him of his right to file a motion for a new trial or to take an appeal.

2. He was illegally arrested and his apartment was subsequently illegally searched and the tangible items gained from these two searches were unconstitutionally entered into evidence against him.

3. Without the allegedly illegal arrest and search and evidence thereby obtained, he was convicted on the uncorroborated testimony of an accomplice.

4. The evidence was insufficient to convict him.

5. He was found guilty generally in an indictment containing conflicting counts, i. e., larceny and receiving stolen goods.

Judge Harris heard witnesses and arguments, including that of counsel for Nance, and filed a full opinion. He found that Judge Allen had found as a fact that Nance's claim in his first petition that his original trial counsel had promised him to move for a new trial and take an appeal was not true and that, in fact, no such promises had been made, and that his present claim that his counsel did not advise him at all as to his rights as to a new trial and an appeal could have been reasonably presented and finally litigated in his first petition and were thus barred under Code (1964 Supp.), Art. 27, Sec. 645H, and *Sewell v. Warden,* 235 Md. 615. This ruling was correct.

Judge Harris found that the arrest was legal, that the search of the car (which did not belong to Nance) in which burglar's tools were found was unobjectionable as far as Nance was concerned, *Oden v. State,* 222 Md. 325, and that the search of Nance's apartment was permissive, the right to search and seize having been given by Nance's wife, citing on the latter point *Bellam v. State,* 233 Md. 368; *McCray v. State,* 236 Md. 9; and *Armwood v. State,* 229 Md. 565, 569. Without intimating that Judge Harris was wrong in any of these conclusions and findings, it appears to us that it is immaterial as far as Nance's post conviction rights now are concerned whether the arrest was or was not legal and whether the searches and seizures that fol-

lowed were. Nance was tried and finally convicted some five years before *Mapp v. Ohio,* 367 U. S. 643, 6 L. Ed. 2d 1081, was decided, at a time when the rule of *Wolf v. Colorado,* 338 U. S. 25, 93 L. Ed. 1782, was the law, and under that law illegally seized evidence could be admitted against an accused in a trial in a State court without violating his constitutional rights if the law of the State in which he was tried permitted its use. Nance was tried for and convicted of larceny of more than $100, which is a felony under Maryland law, Code (1957), Art. 27, Sec. 340, before *Mapp,* at a time when illegally seized evidence was admissible in a trial on a charge which was a felony. The Supreme Court has decided that the change in the law of *Wolf* effected by *Mapp* is not retroactive and does not apply to cases which became final before *Mapp* was decided. *Linkletter v. Walker,* 381 U. S. 618, 14 L. Ed. 2d 601, 33 L. W. 4576.

Judge Harris correctly answered Nance's contention that he was convicted on the uncorroborated testimony of an accomplice by pointing out that the tangible evidence, which was properly admitted, was corroboration, assuming the evidentiary point is relevant in a post conviction case, in which the insufficiency of the evidence to support a conviction may not be raised.

The claim that Nance was improperly convicted of both larceny and receiving stolen goods is sound. However, there was no reversible error because the convictions of larceny warranted the sentences imposed and therefore the errors were not prejudicial. *Bell v. State,* 220 Md. 75, 81.

*Application denied.*