## THOMAS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 50, September Term, 1964.]

*Decided August 5, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

SYBERT, J., delivered the opinion of the Court.

On January 3, 1961, the applicant, William Thomas, who was represented by privately retained counsel, pleaded guilty to a charge of violating the State narcotics laws (second offense) and was sentenced to ten years in the Maryland Penitentiary. He entered no appeal.

In March, 1963, Thomas filed a petition for relief under the Uniform Post Conviction Procedure Act. At a hearing in the Criminal Court of Baltimore, Thomas contended: (1) that "he was searched and arrested without a warrant and the fruits of this search were used against him; and (2) that he was induced to enter a plea of guilty, without full knowledge on his part as to the plea." In denying the petitioner relief under the Act, Judge Jones found as a fact that he had entered the guilty plea voluntarily and with full knowledge of its meaning and consequences. However, Judge Jones made no finding in regard to the reasonableness *vel non* of the search. On application to this Court we granted leave to appeal, *Thomas v. Warden,* 235 Md. 636, 201 A. 2d 495 (1964), and remanded the case for a factual finding on the reasonableness *vel non* of the search. In so doing we reserved our decision on whether Judge Jones had correctly found that the plea of guilty had been voluntarily and knowingly made.

Pursuant to our mandate Judge Jones held a hearing and determined that the search of Thomas was unreasonable, that the fruits of the search were used as evidence against him, and that if *Mapp v. Ohio,* 367 U. S. 643 (1961), were applicable Thomas was entitled to a new trial. However, Judge Jones held that *Mapp,* which was decided six months after Thomas was sentenced, had no retroactive application and denied relief under the Act. Thomas then filed a second application for leave to appeal to this Court, which is now before us.

Very recently the Supreme Court decided, in *Linkletter v. Walker,* 381 U. S. 618 (1965), that the *Mapp* decision is not retroactive and that it is not applicable to cases which became

final before June 19, 1961. We applied *Linkletter* in *Nance v. Warden*, 239 Md. 404, 211 A. 2d 739 (1965). Since *Mapp* is not applicable to the case before us, it is immaterial that, as Judge Jones found, evidence obtained by an unreasonable search was used against the applicant.

We now turn to the contention that the applicant's guilty plea was not voluntarily and knowingly made. The applicant does not contend that the illegally seized evidence induced him to plead guilty. In his original petition for relief below he asserted that he was induced to plead guilty by an offer to "try him on [a] less serious charge." However, at the original hearing he contended that he was induced to plead guilty by his counsel. To support this contention he asserted that his counsel had indicated that he was attempting to have him sent to Crownsville State Hospital for treatment as an addict rather than be sent to prison. After hearing the testimony of the applicant Judge Jones found that he was not a credible witness and that he pleaded guilty knowingly and voluntarily. We think the record supports her finding.

*Application denied.*