HUSK *v.* WARDEN OF MARYLAND
PENITENTIARY

[App. No. 43, September Term, 1965.]

354

*Decided November 15, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPEN-HEIMER and McWILLIAMS, JJ.

HAMMOND, J., delivered the opinion of the Court.

On September 25, 1962, petitioner was tried and convicted of larceny and conspiracy by Judge Carter sitting without a jury in the Criminal Court of Baltimore, and was sentenced to eight years on the first count and eight years on the second count, the sentences to run concurrently. These judgments and sentences were affirmed by this Court in *Husk v. State,* 233 Md. 192.

On January 25, 1965, petitioner sought relief under the Post Conviction Procedure Act. A hearing was held before Judge Harris in open court on March 30, 1965, with petitioner represented by court-appointed counsel. His application was denied.

In· the lower court petitioner made three points. The first contention is that there was insufficient evidence to convict, because, he says, he was convicted on the uncorroborated testimony of an accomplice. The insufficiency of the evidence is not of itself ground for post conviction relief, *Young v. Warden,* 233 Md. 596, and, in any event, this matter was fully considered and finally determined by this Court in petitioner's direct appeal, *Husk v. State, supra,* and it has repeatedly been held· that questions previously and finally litigated may not be raised in post conviction proceedings. *Jackson v. Warden,* 236

Md. 634; *Bryant v. Warden,* 235 Md. 658; Code (1965 Supp.), Art. 27, §645A (a) and (b).

In his application to this Court for leave to appeal, the petitioner directs our attention to *Hunt v. Warden, Maryland Penitentiary,* 335 F. 2d 936 (1964), for the proposition that the question of sufficiency of the evidence can be raised on post conviction proceedings. *Hunt* clearly did not so hold. The case deals with the question of exhaustion of State remedies as a prerequisite to post conviction relief in the federal courts and did not attempt to list those matters which are reviewable by the Maryland Court of Appeals in its post conviction procedure following a final determination on direct appeal.

The petitioner next contended that the accomplice should not have been allowed to testify or to implicate petitioner because she was at that time under indictment for perjury. Petitioner is mistaken as to the facts. Miss LeBrun, the accomplice, was indicted for conspiracy, larceny, and for making a false report of the theft involved. The indictment for the false report arose from the fact that the accomplice originally told the police a story which completely absolved her from guilt, and then recanted. The petitioner erroneously correlates an indictment for a false report with "false statement" and concludes that this means perjury. The fact that she was indicted for false report or even that she was guilty of that crime does not disqualify her as a witness.

Lastly, the petitioner made the contention to the lower court "* * * that the court knowingly and intentionally used perjury testimony which was not stricken from the record." While petitioner uses the word "court," it seems clear from the record, as Judge Harris seemed to assume, that the allegation actually meant that the prosecution knowingly used perjured testimony. The petitioner filed a letter following his hearing wherein he stated that the "State" deliberately and intentionally used perjured testimony. At the hearing, when petitioner had the opportunity to prove his contentions, he admitted to Judge Harris that he had no idea whether the State had any knowledge of the accomplice's alleged perjury. There would have to be a showing that a state officer had a part in procuring the testimony or, at the time of trial, knew it to be per-

jured in order for there to be post conviction relief. *Dyson v. Warden,* 233 Md. 630; *Fisher v. Warden,* 225 Md. 642. Petitioner's contention comes down to the claim that his conviction was the result of false testimony. This goes to credibility and so to the sufficiency of the evidence, *Davis v. Warden,* 235 Md. 639, a matter not available for post conviction relief.

In his application to this Court, petitioner makes additional miscellaneous contentions none of which warrants relief. He states generally that he was denied due process of law as guaranteed by the Federal and State constitutions and the Maryland Bill of Rights. A general conclusional allegation of a denial of constitutional rights without supporting facts is not a ground for relief under the Post Conviction Procedure Act. *Reeves v. Warden,* 231 Md. 613. Petitioner next states that the alleged accomplice was jointly indicted with the petitioner for larceny and conspiracy, but offers no reason why this was improper under the circumstances. Petitioner next says that all three defendants were tried together despite the fact that petitioner and codefendant Watts pleaded not guilty and LeBrun pleaded guilty. The docket reveals that LeBrun's case was submitted under plea to Judge Carter who imposed sentence on her six days after hearing and deciding Husk's and Watts' case.

Petitioner's final contention, which he makes in the form of a supplement to his written application for leave to appeal, states that under the holding of *Schowgurow v. State,* 240 Md. 121, his conviction must be wiped out and that he is entitled to a new trial. We stated in that case: "* * * that the proper administration of justice requires, and we accordingly hold, that the legal principle enunciated in this case shall not apply retroactively, except for convictions which have not become final before rendition of this opinion." Petitioner's conviction became final well before *Schowgurow,* and so he does not come within the ambit of that case.

*Application denied.*