## STURGIS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 55, September Term, 1965.]

*Decided March 9, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

On 4 July 1965 the applicant applied for leave to appeal from a denial of post conviction relief by Judge Mace without stating his reasons why the court's order should be modified or reversed as required by Maryland Rule BK 46 b. Applicant, however, did file letters dated 11 July and 26 August 1965, both addressed to the Clerk of this Court, in which he contradicted matters testified to at his trial and at the post conviction hearing and in addition raised matters not asserted in the court below. Assuming, without deciding, that applicant has sufficiently complied with Maryland Rule BK 46 b, we find that all, except the ninth, of his contentions were adequately and properly dealt with by Judge Mace.

Applicant's ninth contention is that he did not commit the crime. Although Judge Mace did not dispose of this, it is clear that the question of guilt is not subject to review in a post conviction hearing. *Nance v. State,* 239 Md. 404, 211 A. 2d 739 (1965).

In his letter of 11 July applicant presents for the first time the contention that his car was illegally searched. Not having

been raised below, this contention is not properly before us. *Roe v. Director,* 240 Md. 717 (1965). We observe in passing, however, that there is no allegation that there was an illegal seizure of any evidence from the car, nor that any such evidence was used against the applicant. Therefore, applicant states no ground for relief. *Forrester v. Warden,* 233 Md. 620, 195 A. 2d 693 (1963).

In a letter dated 20 January 1966 applicant requests relief under *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965). Applicant's conviction became final well before *Schowgurow* so he does not come within the ambit of that case. *Husk v. Warden,* 240 Md. 353, 214 A. 2d 139 (1965).

*Application denied.*