## YOUNG *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 18, September Term, 1966.]

*Decided December 16, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

HAMMOND, C. J., delivered the opinion of the Court.

The petitioner, George Terry Young, was convicted of the crime of rape and was sentenced to death in the Criminal Court of Baltimore on March 17, 1961, by Judge Joseph L. Carter, sitting without a jury. On appeal, the judgment and sentence were affirmed in *Young v. State,* 228 Md. 173 (1962). Young has four times filed applications for relief under the Maryland Uniform Post Conviction Procedure Act. On each occasion the relief sought was denied, the last having been on February 15, 1966. It is from this denial that petitioner appeals to us, raising two contentions:

1. That he was not advised of his right to call an attorney during his interrogation subsequent to his arrest.

2. That the court should set aside petitioner's indictment under the ruling in *Schowgurow v. State,* 240 Md. 121.

It is not suggested nor does it appear that the petitioner ever requested counsel while being interrogated. His complaint is that he was not told of his right to counsel. While the Supreme Court has in *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, established the right to be so informed, in *Johnson v. New Jersey,* 384 U. S. 719, 16 L. Ed. 2d 882, the Court stated that the *Miranda* right would apply to and control only cases in which the trial began after June 13, 1966.

The basis for petitioner's second contention is the holding in *Schowgurow* that the provisions of the Maryland Constitution that required a demonstration of a belief in God as a qualification for service as a grand or petit juror were invalid as in conflict with the fourteenth amendment of the federal Constitution (by reason of its making the first amendment binding on the States), with the result that a conviction of crime after indictment or trial by a jury so chosen could not stand, even though no prejudice in fact was shown. The petitioner was indicted by a grand jury whose members were compelled to swear to a belief in God. However, *Schowgurow* went on to state that it was not to apply retroactively, "except for convictions which have not become final before rendition" of the opinion in that case (October 11, 1965). "Final" means the final judgment of the highest court empowered to review the conviction. *Bell v. State,* 236 Md. 356, 363 (1964) ; *Belton v. State,* 228 Md. 17, 23 (1962) (including within the measure of finality the ninety-day period within which certiorari to the Supreme Court may be applied for, *Terry v. Warden,* 243 Md. 610). The petitioner's conviction was final long before the *Schowgurow* opinion.

The rationale for so limiting the application of the *Schowgurow* principle has been suggested in *Hays and Wainwright v. State,* 240 Md. 482, 488 (1965). The Court there said :

> "* * * there is a clear line of demarcation between cases where the conviction had become final before *Schowgurow* and cases then pending on appeal. In the first category, the defendants had their day in court under the law as it then existed in Maryland and had

existed in this state for over a century; as we pointed out in *Schowgurow,* that decision did not go to the fairness of the conduct of the trial, but was brought about only by the decision of the Supreme Court in *Torcaso,* which was based, not on due process, but on the application of the First Amendment to state action through the Fourteenth. In the second category, the legal rights of the defendants have not been finally adjudicated; their day in court includes the right to appeal, and, under our decisions, their failure to claim a right not existing before the appeal does not deprive them of the right to claim it on the appeal when the right was brought into being by an intervening change of law."

The application of the *Schowgurow* doctrine to cases in the post conviction stage has already specifically been rejected in a number of instances. See *Husk v. Warden,* 240 Md. 353, 356 (1965) [larceny and conspiracy] ; *Hamm v. Warden,* 240 Md. 725 (1965) ; *Farrell v. Warden,* 241 Md. 46 (1965) [rape-life imprisonment] ; *Sturgis v. Warden,* 241 Md. 728 (1966) ; *Thomas v. Warden,* 241 Md. 730 (1966) ; *Lokeman v. Warden,* 242 Md. 721 (1966). While none of these cases involved a petitioner sentenced to death, we see no basis for establishing a special category of exceptions to the *Schowgurow* non-finality rule for cases in which the death penalty has been imposed.

The constitutionality of the limitation on retroactivity was discussed in *Schowgurow,* 241 Md. at 132 ff. The constitutional question recently was again considered in a somewhat different context in *Mastromarino v. Director,* 244 Md. 645 (1966). Recognizing certain analogies between defective delinquency proceedings and criminal proceedings, we there held, with the benefit of the Supreme Court's decision in *Johnson v. New Jersey, supra,* that complete retroactivity is not required for all constitutional decisions. *Johnson* had noted that retroactive application of each constitutional rule of criminal procedure depends on weighing the function of that rule, its background and its impact on the administration of justice. The petitioner does not claim actual prejudice in being indicted by a grand jury whose members had been required to swear to a belief in

God. While we felt we should presume prejudice in criminal cases which had not become final before the opinion in *Schowgurow,* we see no consideration of public policy or of the proper administration of justice which requires or suggests that we must here do so in cases already final. The invalidity of the jury composition was technical and did not go to the individual or composite personal qualifications and competence of those who served. See also *Hyde v. State,* 240 Md. 661 (1965), where in a post conviction proceeding we refused to apply the rule of *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, retroactively to a decision already final, in part on the theory that the denial of counsel there did not go to the reliability of the guilt-determining process.

The dismissal of Young's application for post conviction relief will be affirmed.

*Order affirmed.*