## RALPH *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 16, September Term, 1966.]

*Decided December 16, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

HAMMOND, C. J., delivered the opinion of the Court.

The applicant, William Ralph, was convicted of rape and sentenced to death in the Circuit Court for Montgomery County by a three judge panel, sitting without a jury. On appeal, the judgment and sentence were affirmed in *Ralph v. State,* 226 Md. 480 (1961), *cert. denied, sub nom, Ralph v. Maryland,* 369 U. S. 813 (1962). The applicant thereafter brought an application under the Maryland Uniform Post Conviction Procedure Act and a federal habeas corpus application, both of which were denied. On a second federal habeas corpus application, Chief Judge Roszel C. Thomsen of the United States District Court for the District of Maryland stayed execution to allow petitioner to raise a question of the retroactive application of *Schowgurow v. State,* 240 Md. 121 (1965). Pursuant to that stay, applicant instituted a new application under the post conviction statute. Judge Kathryn Shook of the Montgomery County Circuit Court denied petitioner's application. He raised three contentions:

1. That the court should set aside applicant's indictment under the ruling in *Schowgurow v. State,* 240 Md. 121.

2. That the judges who tried him had been required to declare their belief in the existence of God.

3. That a confession which was admitted in evidence against him should not have been admitted in view of *Escobedo v. Illinois,* 378 U. S. 478 (1964).

The applicant's first contention has been rejected in *Young v. Warden,* 245 Md. 76 (1966).

The second contention was fully disposed of by Chief Judge Thomsen's opinion in the habeas corpus proceeding, *Ralph v. Brough,* 248 F. Supp. 334 (1965).

The third contention has been laid to rest by *Johnson v. New Jersey,* 384 U. S. 719, 16 L. Ed. 2d 882 (1966). Applicant's trial began long before June 22, 1964, the limit on retroactivity which has been established for *Escobedo.*

The dismissal of Ralph's application for post conviction relief will be affirmed.

*Order affirmed.*