## BROWN v. WARDEN OF THE MARY-LAND PENITENTIARY

[App. No. 154, September Term, 1966.]

*Decided February 8, 1967.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Johnnie Brown seeks leave to appeal from the denial of his petition for post conviction relief by Judge Rasin, following a hearing in the Circuit Court for Talbot County, on May 17, 1966.

The applicant was indicted by the Grand Jury of Wicomico County on September 9, 1958, for the murder of a Salisbury policeman. The case was removed to Dorchester County where, on November 19, 1958, the jury returned a verdict of guilty of murder in the first degree. That conviction was reversed, and the case remanded for a new trial, by this Court in *Brown v. State,* 220 Md. 29, 150 A. 2d 895 (1959), because of the refusal of the trial judge to ask on the *voir dire* examination of prospective jurors questions concerning possible bias against a

Negro defendant. The applicant was re-tried and convicted but again this Court reversed and remanded for a new trial in *Brown v. State,* 222 Md. 290, 159 A. 2d 844 (1960), holding that the trial court had committed prejudicial error in permitting the prosecuting attorney to read a portion of this Court's opinion in the former appeal of the case, in which it was said, in effect, that there was sufficient evidence to support an inference of premeditation and deliberation. The third trial of the case was removed to Talbot County and again the applicant was found guilty of first degree murder by the jury and a sentence of death was imposed. This Court affirmed the conviction and sentence in *Brown v. State,* 225 Md. 349, 170 A. 2d 300, decided on May 12, 1961, holding that the defendant had no constitutional right to be present in chambers during consideration of instructions by the judge and counsel.

Subsequently, the applicant filed a petition for post conviction relief in the Circuit Court for Talbot County. The petition was dismissed but this Court granted leave to appeal, vacated the judgment below and remanded the case for a new hearing. *Brown v. Warden,* 228 Md. 654, 179 A. 2d 419 (1962). On remand, post conviction relief was denied after hearing in the Circuit Court for Talbot County on August 7, 1962, and this Court refused to grant leave to appeal from that determination. *Brown v. Warden,* 230 Md. 629, 186 A. 2d 595 (1962). A writ of certiorari to the Supreme Court of the United States was denied. *Brown v. Maryland,* 372 U. S. 960 (1963). On January 25, 1963, the applicant filed a petition for a writ of habeas corpus in the Federal District Court for Maryland. Relief was denied in *Brown v. Pepersack,* 217 F. Supp. 547 (D. Md. 1963), and that determination affirmed in *Brown v. Pepersack,* 334 F. 2d 9 (4th Cir. 1964). The Supreme Court denied certiorari, 379 U. S. 917 (1964). On March 8 and 15, 1965, the applicant again petitioned for a writ of habeas corpus in the Federal District Court. The remedy sought was refused in *Brown v. Brough,* (unreported), decided March 23, 1965. The Court of Appeals for the Fourth Circuit affirmed in *Brown v. Brough,* 346 F. 2d 149 (4th Cir. 1965), and the Supreme Court denied certiorari, 382 U. S. 910 (1965). The applicant instituted his third habeas corpus proceeding in the Federal District

Court on November 10, 1965. Chief Judge Thomsen dismissed the petition without prejudice in *Brown v. Brough,* 248 F. Supp. 342 (D. Md. 1965), in order to allow the Maryland courts to pass upon the issue raised by the petitioner. The applicant brought his case to the state courts in the form of a petition for post conviction relief, in the Circuit Court for Talbot County. On May 17, 1966, after a hearing, Judge Rasin denied the relief requested. It is from this denial that application for leave to appeal is sought.

The sole ground urged in support of the application for leave to appeal is stated in the petition for post conviction relief below and in the application to this Court as follows:

> "That the Grand Jury for Wicomico County, Maryland, which indicted the Petitioner on September 9, 1958 and the Petit Jury for Talbot County, which, on September 30, 1960, convicted the Petitioner of murder in the first degree were organized pursuant to the requirements of Article 36 of the Maryland Declaration of Rights and were, therefore, illegally and unconstitutionally constituted in that said juries were selected in violation of the First and Fourteenth Amendments of the Constitution of the United States. That the indictment which was returned by the Grand Jury for Wicomico County was, accordingly, invalid as was the verdict returned by the Petit Jury for Talbot County, in that the said indictment and verdict were returned by juries organized in contravention of the Constitution of the United States."

This contention seeks to apply the holding of this Court in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475, decided October 11, 1965, retrospectively to a conviction which had become final long before the *Schowgurow* decision. Although it is clear from our decisions that *Schowgurow* is not to be applied retroactively, at the time this application for leave to appeal was filed, we had not been presented with the question of whether the fact that an applicant for post conviction relief was under a sentence of death should create an exception to the

non-retroactivity of *Schowgurow*. However, this precise issue has now been decided by Chief Judge Hammond, for the Court, in the recent case of *Young v. Warden*, 245 Md. 76, 224 A. 2d 842 (1966). That decision considers fully and rejects the sole contention of the present applicant. See also, Note, 26 Md.L.Rev. 272 (1966).

*Application denied.*