## FREDERICK EDWARD LYDE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 77, Initial Term, 1967.]

424

*Decided June 21, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a denial of post conviction relief.

The applicant was convicted of first degree murder by Judge Dulany Foster on February 3, 1961. A motion for new trial was filed on the same day. On February 5, 1962,[1] the motion was

---

**1.** The docket entry indicates the date as February 5, 1961, but the prior and subsequent entries indicate that the year should be 1962.

withdrawn, the verdict of guilty of first degree murder was stricken out, a verdict of guilty of second degree murder was entered, and the applicant was sentenced to eighteen years in the Maryland Penitentiary. No direct appeal was taken. The instant petition for post conviction relief was filed on April 12, 1966, and a hearing was conducted before Judge Cardin on May 26, 1966. Judge Cardin's order denying relief was dated July 7, 1966.

The application for leave to appeal contains twelve numbered paragraphs which parallel Judge Cardin's twelve-paragraph catalogue of the issues raised by the petition. (The original petition likewise consisted of twelve main divisions.)

The first two contentions were properly denied by Judge Cardin for the reason (a) that an illegal arrest, standing alone, is not ground for relief under the Act, and (b) that the case of *Wong Sun v. United States,* 371 U. S. 471, insofar as it articulated rules invalidating confessions given following an illegal arrest, is not applicable to state prosecutions. See *Ross v. Warden,* 1 Md. App. 46 and *Crowe and Williston v. State,* 240 Md. 144.

The third contention in the petition for post conviction relief concerned the sufficiency of the evidence upon which the applicant was convicted. This was denied because the sufficiency of the evidence is not reviewable under the Post Conviction Procedure Act. This contention was somewhat modified in the application for leave to appeal by adding that the evidence was so insufficient as to deprive the applicant of his constitutional rights to a fair trial and to due process of law. While the contention, as modified, could be denied on the ground that it was not first raised in the lower court, *Vanfield v. Warden,* 243 Md. 685, we are nevertheless satisfied that this is not a case where a conviction is based upon no evidence at all. Accordingly, there is no merit to this contention.

The fourth contention in the post conviction petition alleged that the State knowingly used perjured testimony. Judge Cardin held that the applicant failed to produce any evidence to support this claim. In the application for leave to appeal it is contended that the applicant should have been provided with a transcript to help prove the alleged perjury. The applicant also

claims that the judge should have ordered the State to produce the two witnesses whom the applicant accused of perjury. The Uniform Post Conviction Procedure Act does not require that transcripts of the original trial be furnished the petitioner. *Williams v. Warden,* 240 Md. 205. There is no showing here that the judge below abused his discretion by not ordering that a transcript be furnished the applicant. The second part of this contention is wholly without merit, as it is incumbent upon the applicant and not the State or the presiding judge to prove that the State knowingly used perjured testimony in its efforts to convict the applicant. See *Baldwin v. Warden,* 243 Md. 326; *Husk v. Warden,* 240 Md. 353 and *Johns v. Warden,* 240 Md. 209.

In his fifth contention, which alleges incompetency of counsel, the applicant claims that Judge Cardin erroneously stated in his order that he withdrew parts (a) and (b) thereof. These subsections respectively alleged that his motion for new trial was withdrawn without his knowledge or consent one year after he was convicted, and that his counsel did not consult with him before relinquishing his rights to a transcript and a motion for new trial. These contentions appear to have been withdrawn because they were repetitious, and we cannot conceive how the applicant is prejudiced by their withdrawal since the points raised in contentions 5(a) and 5(b) are adequately covered in 5(c) and 12.

Contention 5(c) is that counsel did not advise petitioner of his right to appeal, nor did counsel come to see petitioner after date of sentencing as he had assured petitioner he would. The first part of this contention is denied for the reason that failure of trial counsel to advise the petitioner of his right to appeal is not equivalent to a denial of that right, and is not a ground upon which relief can be granted under the Act. *Shefton v. Warden,* 239 Md. 702. The latter part of this contention is likewise without merit as a ground for post conviction relief. Contention 5(d), alleging that counsel failed to attack the voluntariness of the statements of others that were admitted into evidence against the petitioner, bears on the competency of counsel at the trial. Judge Cardin found as a fact that the representation afforded applicant at his trial was not constitutionally

deficient, and we find no reason to differ from the conclusion reached by the post convicion hearing judge.

Judge Cardin's order states that the applicant withdrew the various allegations in contention six concerning collusion between the State and counsel for the defense. In his application for leave to appeal the prisoner denies that he relinquished these contentions. Other than applicant's bare statement that he did not withdraw these contentions, there is nothing before us to controvert the conclusion reached by Judge Cardin. See *Szukiewicz v. Warden,* 1 Md. App. 61. The withdrawn contention may not, therefore, now be raised on this application for leave to appeal.

In his seventh contention the applicant claims that he was denied due process of law because he was detained for four days before being brought before a magistrate. We agree with Judge Cardin that this contention must be denied because matters relating to the lack of, or delay in, being presented to a magistrate are not grounds for relief under the Act. See *Tucker v. Warden,* 243 Md. 331. In addition, the applicant has failed to state in what manner the alleged illegal detention has prejudiced him. The allegation of illegal detention without any specific allegation of resulting prejudice is insufficient to constitute a ground for post conviction relief. See *Austin v. Director,* 237 Md. 314.

Contention eight of the petition alleges that statements of convicts and alleged accomplices were illegally used to convict the petitioner and these statements were given by said parties for consideration and in return for light sentences. In his application for leave to appeal the applicant alleges that the State was in collusion with convicts and that to obtain their tainted perjury by promises of lesser terms in order to secure a conviction against the accused is to deny him equal protection of the law and due process of the law. As pointed out in our discussion of contention four, it is incumbent upon the petitioner to prove knowing use by the State of perjured testimony and this he has failed to do.

The other defendants in the case pleaded guilty and received fifteen years as opposed to the applicant's sentence of eighteen years, and as Judge Cardin pointed out in his order, fifteen

years is by no means a light sentence. Although it is slightly less than the applicant's sentence, it is by no means a shocking disparity,[2] and in any event disparity between sentence imposed on petitioner and that imposed on co-defendants affords no relief under the Act. *Thornton v. Warden,* 241 Md. 715.

Furthermore, if any "deal" was made the trial judge also would have to have been made a party to it, for the trial court is not bound by any deal between the State and an accused that concerns imposing lighter penalties. See *Gleaton v. State,* 235 Md. 271, 278.

If the allegation is also intended to include that it is "illegal" for the testimony of alleged accomplices to be admitted in evidence, it must also be rejected as the testimony of an accomplice or co-defendant is competent in the trial of the other co-defendant. See *Mazer v. State,* 212 Md. 60, 67-68; *Barber v. State,* 191 Md. 555, 561. The weight of such testimony may, of course, be properly considered by the trier of facts. *Mazer v. State, supra* (witnesses who had pleaded guilty and whose sentences were *sub curia* at the time of trial). The testimony was properly admitted, and whether or not this evidence coupled with the other evidence introduced at the trial is legally sufficient to justify the applicant's conviction is not a proper question under the Uniform Post Conviction Procedure Act. *Meadows v. Warden,* 243 Md. 710; *DeVaughn v. Warden,* 241 Md. 411.

Applicant's ninth contention is that failure of the court to permit him to make a pre-sentence statement in mitigation of punishment constitutes a ground for relief under the Act. After hearing testimony from applicant's trial counsel, Judge Cardin found as a fact that counsel made such a statement on applicant's behalf to the court prior to sentencing and that applicant's contention was therefore groundless.

In his tenth contention, applicant states that the court suppressed evidence which would have tended to exculpate him. Judge Cardin held that the applicant offered no factual support

---

2. "There is no requirement in criminal procedure that the court impose identical sentences upon persons jointly found guilty of a crime." *Hardesty v. State,* 223 Md. 559, 562 (1960).

and denied the contention on that ground. In his application for leave to appeal applicant does nothing more than repeat the naked allegation that the State suppressed evidence. While the suppression by the State of evidence exculpatory to an accused is a violation of due process and a ground for post conviction relief, *Ross v. Warden, supra,* we find no merit to applicant's contention in this instance.

The applicant's eleventh contention is based on *Schowgurow v. State,* 240 Md. 121. Judge Cardin stated in his order that the applicant agreed to withdraw this contention when he was informed by his counsel of recent decisions of the Court of Appeals holding that *Schowgurow* is not to be applied retroactively. In his application for leave to appeal the applicant states that he agreed to withdraw this contention pending reversal of the non-retroactive doctrine of *Schowgurow* by a federal court whose decisions are binding upon the courts of this State. Whether or not this was an express condition of the withdrawal is immaterial, for whatever benefits that might accrue from such a decision would in any event be available to the applicant in accordance with the terms of the decision.

Applicant's twelfth contention is that his motion for a new trial was withdrawn without his consent or knowledge. At the hearing, applicant's counsel testified that he did advise applicant of his rights and Judge Cardin accordingly so noted in his opinion denying relief as to this contention. We concur in this disposition of applicant's twelfth contention.

At the end of his fourth contention the applicant alleged that the following six points of error occurred at his post conviction hearing:

"(1) The merits of the factual dispute were not resolved in the State hearing;

(2) The factual determination is not fairly supported by the record as a whole;

(3) The fact-finding procedure employed by the State court was not adequate to afford a full and fair hearing;

(4) There was a substantial allegation of insufficient evidence to convict that was not resolved;

432

(5) The material facts were not adequately developed at the State court hearing;

(6) The State trier of fact did not afford the petitioner a full and fair fact hearing. See *Townsend v. Sain*, 372 U. S. 293, 313 (1963)."

Point four has already been treated in our discussion of contention three. The other five contentions concern the conduct of the post conviction hearing and the ensuing determinations. We deny each of these five remaining contentions and find no reason to conclude that the applicant was not given a fair and adequate hearing.

The application for leave to appeal is denied.

*Application denied.*