## DOMNEYS *v.* WARDEN, MARYLAND PENITENTIARY

[App. No. 2, September Term, 1967.]

*Decided October 13, 1967.*

Before HORNEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

PER CURIAM.

The petitioner, Frank Oliver Domneys, was convicted of rape by a jury without a recommendation against capital punishment and, following the denial of a motion for a new trial, was sentenced to death by the Criminal Court of Baltimore on July 3, 1961. On direct appeal, the judgment and sentence was affirmed by this Court in *Domneys v. State,* 229 Md. 388, 182 A. 2d 880 (1962).

The first application for leave to appeal from the order of the trial court denying him post conviction relief was denied by this Court in *Domneys v. Warden,* 232 Md. 659, 194 A. 2d 443 (1963), *cert. den.* 377 U. S. 949 (1964).

In this second application for leave to appeal from the denial of post conviction relief, the petitioner, as a result of the decision in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965), contends in substance: (1) that he was indicted by an

unconstitutionally formed grand jury and found guilty without a recommendation against capital punishment by an illegally constituted petit jury; (2) that notwithstanding the status of the judgment and conviction at the time *Schowgurow* was decided on October 11, 1965, he is entitled to the relief afforded by that decision; (3) that the failure of the illegally constituted petit jury to make a recommendation against capital punishment caused him to suffer a peculiar bias when compared to a defendant in a noncapital case; and (4) that his conviction was not finally adjudicated.

At the hearing below, the petitioner neither claimed nor showed any actual prejudice to himself as a result of the exclusion of nonbelievers in God from the grand jury which indicted him and the petit jury which convicted him.

After argument, Judge Sodaro, in the order denying relief, found, as to the first contention, that the conviction of the petitioner became final three years before *Schowgurow* was decided; dismissed the second contention because capital cases are no exception to the nonretroactivity of *Schowgurow;* found that the third contention was without merit after pointing out that the "objection to the 'illegally constituted' jury which convicted him and rendered a verdict without a recommendation against capital punishment has been classified as 'technical' in nature and not one that would substantially interfere with his right to a fair trial"; and, as to the fourth contention, stated that the conviction of the petitioner became final "ninety days after the Maryland Court of Appeals affirmed his conviction by the Criminal Court of Baltimore." We agree.

In his application to appeal, the petitioner, who was cognizant of the reasons why retroactive application of *Schowgurow* was not permitted in cases which had become final, primarily contends that the nonretroactivity rulings should not apply to capital punishment. As we have said in recent cases, we think otherwise.

The jury, which had been properly instructed as to the law of the case and the possible verdicts it could render and as to its juridical function in a rape case, and was therefore aware that it had power to eliminate death as punishment for the crime

of which it found him guilty (see *Domneys v. Warden, supra*), chose not to make a recommendation to that end.

Subsequent to the *Schowgurow* decision we had occasion to point out that retroactive application was not permitted in cases which had become final before *Schowgurow* was decided because the decision "did not go to the fairness of the conduct of the trial" (as was said in *Hays and Wainwright v. State,* 240 Md. 482, 488, 214 A. 2d 573, 577) and because "[t]he invalidity of the jury composition was technical and did not go to the individual or composite personal qualifications and competence of those who served" (as was said in *Young v. Warden,* 245 Md. 76, 80, 224 A. 2d 842, 844). And in *Young,* we also said at p. 79, "we see no basis for establishing a special category of exceptions to the *Schowgurow* non-finality rule for cases in which the death penalty has been imposed." To the same effect, see *Brown v. Warden,* 245 Md. 679, 226 A. 2d 333 (1967). Chief Judge Thomsen and District Judge Northrop reached the same conclusion in *DeTore v. Warden,* 264 F. Supp. (D. Md. 1967), affirmed by the United States Court of Appeals for the Fourth Circuit September 22, 1967. See also *Ralph v. Warden,* 245 Md. 74, 224 A. 2d 851 (1966) and *Howard v. Warden,* 244 Md. 727, 224 A. 2d 688 (1966). There is essentially no distinction between this case and the *Young* and *Brown* cases.

*Application denied.*