DUKE ALLEN, JR. *v.* WARDEN, MARYLAND
PENITENTIARY

[No. 23, September Term, 1967.]

*Decided November 15, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a denial of post conviction relief by Judge Anselm Sodaro in the Criminal Court of Baltimore on February 27, 1967.

The Applicant was convicted of murder in the first degree in the Criminal Court of Baltimore on February 21, 1962, and was sentenced to the Maryland Penitentiary for the balance of his natural life. His conviction was affirmed by the Court of Appeals in *Allen v. State*, 230 Md. 533. His initial petition under the Uniform Post Conviction Procedure Act was dismissed on December 16, 1963, and his application for leave to appeal denied by the Court of Appeals in *Allen v. Warden*, 234 Md. 635.

The Applicant makes the following contentions:

1. That his arrest and the "fruits" thereof were illegal.

2. That he was denied confrontation of the witnesses against him and the right to cross-examine such witnesses at trial.

3. That the Grand Jury which indicted him was illegally constituted.

4. That he was denied equal protection of law since he was not provided with counsel immediately after arrest and at his preliminary hearing.

Applicant's first contention is without merit. In his application for leave to appeal the Applicant suggests that the investigating police officers failed to determine the credibility of witnesses and the accuracy of their statements at the scene of the crime and that such statements could not, therefore, properly constitute an element of probable cause. He also suggests that all warrantless arrests based upon information and facts outside the personal knowledge of the arresting officers are *per se* illegal. It is axiomatic that an arrest may be made without a war-

rant where the arresting police officer has knowledge that a felony has been committed and has reasonable grounds to believe that the person to be arrested committed the felony. *Hyde v. Warden,* 235 Md. 641; *Edwards v. State,* 196 Md. 233.

Judge Sodaro stated in his Memorandum that the testimony at the Applicant's hearing and the transcript of his trial indicate that the arresting officers had personal knowledge that a felony, namely murder, had been committed and had received a description of the felon from numerous witnesses at the scene. Under these circumstances, Judge Sodaro concluded, and we agree, that the requisite probable cause was present. *Cherrix v. Warden,* 1 Md. App. 65.

The Applicant's second contention is also without merit. In his application for leave to appeal the Applicant contends that the trial court misconstrued his claim regarding the right to confront and cross-examine his accusers. He contends that the denial to which he refers took place at his preliminary hearing while the trial judge in his Memorandum dealt solely with the contention as it relates to his trial. A review of the record reveals that the Applicant's original petition raised this issue with reference to his preliminary hearing. It also reveals, however, that his amended petition, filed subsequently by his attorney, contained only the following contention regarding confrontation:

> "That your Petitioner was denied confrontation of the witnesses against him and was denied the right to cross-examine these witnesses at trial."

In his Memorandum Judge Sodaro made the following finding regarding this contention:

> "No testimony tending to support the petitioner's Fourth allegation respecting a denial of confrontation and cross-examination of witnesses was produced. Furthermore, a reading of the transcript discloses no instance where cross-examination of any State witnesses was lacking."

In light of the form of the Applicant's contention as contained in his amended petition, and in view of his failure to

produce any testimony regarding the contention as it related to his preliminary hearing on his trial, we believe that the learned trial judge properly found this contention to be no more than a bald allegation and, therefore, without merit. *Baldwin v. Warden*, 243 Md. 326; *McCoy v. Warden*, 1 Md. App. 108.

The Applicant's third contention is likewise without merit. It has repeatedly been held that the holding in *Schowgurow v. State*, 240 Md. 121, does not apply retroactively except to convictions which have not become final prior to October 11, 1965. *Nixon v. Director*, 1 Md. App. 14; *Mauldin v. Warden*, 1 Md. App. 38. It has also been held that no exception to this rule exists for capital cases. *Brown v. Warden*, 245 Md. 679; *Young v. Warden*, 245 Md. 76.

The Applicant's fourth contention is also without merit. He states that by not being represented by counsel during the period immediately following arrest, as well as at his preliminary hearing, he was denied equal protection of law. It has frequently been held that there is no constitutional requirement that a lawyer be furnished to a person suspected of a crime at the time of his arrest. *Cherrix v. Warden*, 1 Md. App. 65; *Ross v. Warden*, 1 Md. App. 46; *Montgomery v. Warden*, 1 Md. App. 30. Likewise, the lack of counsel at a preliminary hearing where, as in the instant case, the Applicant does not allege that a guilty plea was entered is not grounds for post conviction relief. *Bonner v. Director*, 237 Md. 445; *Norris v. Warden*, 1 Md. App. 69.

*Application denied.*