## CARROLL M. BURKE v. WARDEN, MARY-LAND PENITENTIARY

[No. 113, September Term, 1967.]

*Decided April 22, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

720

This application for leave to appeal from an order dated October 24, 1967, of Judge James A. Perrott presiding in the Criminal Court of Baltimore denying relief prayed under the Uniform Post Conviction Procedure Act, after an evidentiary hearing at which the applicant was represented by counsel appointed 21 October, 1965, is denied for the reasons stated by Judge Perrott in his thorough memorandum accompanying the order. It is noted that the application for leave to appeal fails to contain a statement of the reasons why the order should be reversed or modified as required by Maryland Rule BK 46 b and could be denied for this reason.

The docket entries show that the petition for relief was filed on October 11, 1965, and was heard two years later. There appears in the record an undated eight page document entitled "Petition for a Hearing" apparently prepared by the applicant in proper person in which he requested release for lack of hearing and again set forth and argued many of the allegations appearing in his petition. The date of filing of this Petition for a Hearing does not appear in the record but we assume it was prior to the hearing on the petition for relief. Maryland Rule BK 44 b provides that a hearing on a petition for relief under post conviction procedures "shall be held as soon as possible after all pleadings required or allowed * * * are filed." The rule does not contain a sanction for violation but in any event, under the circumstances apparent in the instant matter, we do not find that it was violated. The hearing judge said in his memorandum: "The matter was scheduled for hearing and postponed on several occasions because the Petitioner insisted upon the presence of eighteen witnesses * * *. It might also be noted that Petitioner repeatedly requested his counsel, Mr. Maxwell (E. Thomas Maxwell, Jr.), to summons some eighteen witnesses for his Post Conviction hearing. On October 12, 1967, the Petitioner admitted that the only purpose these witnesses would serve is to testify to (and thus relitigate) the question of identification. We agree with counsel that this procedure is not within the purview of the Post Conviction Procedure Act." [1] Even

---

1. We understand that this was explained to the applicant by his counsel but that the applicant insisted, until just prior to the hearing, that the witnesses be present at a hearing. Counsel

if it be assumed that a constitutional right of the applicant was violated by the delay in holding a hearing, which we do not decide, he is not helped.[2] A constitutional right may be waived and the applicant waived a hearing earlier than that held by his requests for postponement. See *State v. Long and Nelson,* 1 Md. App. 326; *Brooks v. Warden,* 1 Md. App. 1.

*Application denied.*

---

attempted to subpoena them but found that the majority of them were from "transient neighborhoods" and had moved. Hearing was first set for August 16, 1966 and postponed at the request of the Petitioner when all of the witnesses he requested be subpoenaed did not appear. It was postponed on at least three other occasions for the same reason at the applicant's request.

2. We think it clear that the guarantees of a speedy trial under Article 21 of the Maryland Declaration of Rights and the VI Amendment to the Constitution of the United States apply only to "criminal prosecutions" and that a hearing under post conviction procedures is not a criminal prosecution. We do not decide whether, under the circumstances of a particular case, an unreasonable and oppressive delay in hearing a petition under the U.P.C.P.A. may be a denial of due process of law.