WALTER P. J. KITONIS, Jr. *v.* WARDEN,
MARYLAND HOUSE OF CORRECTION

[No. 91, September Term, 1968.]

*Decided February 18, 1969.*

MORTON, J., delivered the opinion of the Court.

In this application for leave to appeal from an order of Judge William W. Travers denying the applicant's petition for post conviction relief it is asserted that the petition for post conviction relief was filed in July, 1963; that it alleged, *inter alia,* that the applicant's trial counsel failed to provide him with genuine and effective representation; and that no hearing on the petition was held until June, 1968. It is argued that the applicant "was seriously prejudiced in the proof of his case by the unconstitutional and unreasonable lapse of time between the filing of his petition and the appointment of counsel and the subsequent hearing on June 18, 1968, * * *" and that "failure of the court to appoint counsel as required by Md. Rule BK 42 * * * and the United States and Maryland Constitutions, and the further failure of the court to set this matter in for hearing as soon as possible after all pleadings required or allowed, as required by the provisions of Md. Rule BK 44 b, the United States and Maryland Constitutions, deprived petitioner of his constitutional rights under the Fourteenth Amendment of the United States Constitution to equal protection of the laws and due process of law."

Judge Travers held an evidentiary hearing and found that the applicant had been "convicted by the Circuit Court for Wicomico County (Taylor, J. presiding) on March 29, 1963, for breaking and entering, after a plea of 'guilty' and sentenced to eight years in the Maryland House of Correction." He further found that on July 12, 1963, the applicant filed a petition for post conviction relief; that no action was taken on the petition from 1963 until September 2, 1966, on which date he ordered the case placed on the stet docket as a result of "the prisoner not having been heard from * * *." The case "remained in this status until February 29, 1968, when Kitonis wrote a letter asking for a hearing," whereupon counsel was appointed and a hearing conducted.

On the basis of the hearing, Judge Travers found that the allegation with respect to the incompetency of trial counsel, who testified at the hearing, was without merit. The applicant testified at the hearing, stating that he had pleaded guilty at the

original trial and that he was, in fact, guilty of the crime charged. He asserted, however, that "he had repeatedly written to the Clerk of the Court to have his petition put in for a hearing and nothing had been done until he wrote to [Judge Travers]." In his memorandum denying relief, Judge Travers stated: "Regarding this testimony about the repeated requests for a hearing, I frankly do not believe one word he uttered. I believe he was on parole a large part of the time and did not care what happened with respect to any court proceedings until such time he violated his parole and was again incarcerated."

With respect to his finding that the applicant's trial counsel was competent, Judge Travers stated: "This particular counsel has practiced in this County for some twenty years and devoted a major portion of his trial work to the criminal law. He testified that he examined the prisoner in every detail prior to the guilty plea and under the circumstances he felt he had no alternative but to enter a confession and hope. Furthermore, the police had made a thorough and complete investigation and study of the case and there seemed to be no way to avoid the action that he took. I think the best was done that could be done under this situation."

As a result of these factual findings, it is apparent that Judge Travers concluded that the applicant had been afforded adequate and effective representation. We cannot say that his decision in this respect was clearly erroneous. Md. Rule 1086; *Walls v. Warden,* 242 Md. 401, 404; *State v. Gordon,* 4 Md. App. 78, 81. It is contended that "counsel failed to advise petitioner of his rights of appeal * * *." However, failure of counsel to so advise the petitioner would not, in itself, amount to incompetency.[1] *Lyde v. Warden,* 1 Md. App. 423, 428; *Mont-*

---

**1.** It is to be noted that the applicant's original trial was held on March 29, 1963, which was prior to the effective date of Maryland Rule 719 b 6 which provides as follows:

"6. Counsel—Extent of Duty.

When counsel is appointed by the court to represent an accused, the authority and duty of such counsel shall continue in all respects from the date of such appointment until the imposition of sentence. *Thereafter counsel shall advise the accused concerning his right to appeal* and his right to apply for a review of his sentence. If directed by the

*gomery v. Warden,* 1 Md. App. 30, 32; *Nixon v. Director,* 1 Md. App. 14, 17-18. Moreover, it must be borne in mind that "a plea of guilty, freely and intelligently made, operates as a 'conviction of the highest order' ", and the applicant restated his admission of guilt at the hearing below. *Jones v. Warden,* 2 Md. App. 343, 346.

We find no merit in the applicant's contention that his Federal and State constitutional rights were violated by the delay in the appointment of counsel and the holding of a hearing on his petition. In *Burke v. Warden,* 3 Md. App. 719, this Court had occasion to consider a similar contention and we there said (footnote 2) :

> "We think it clear that the guarantees of a speedy trial under Article 21 of the Maryland Declaration of Rights and the VI Amendment to the Constitution of the United States apply only to 'criminal prosecutions' and that a hearing under post conviction procedures is not a criminal prosecution. We do not decide whether, under the circumstances of a particular case, an unreasonable and oppressive delay in hearing a petition under the U.P.C.P.A. may be a denial of due process of law."

In view of the findings of the hearing judge, we do not think that the delay, under the circumstances, was so unreasonable and oppressive as to constitute a denial of due process of law. The lower court stated: "The reason for the delay was not apparent until a hearing was held at which time it was discovered that he had been on parole, presumably during the entire interval, and had not concerned himself with the hearing until the last mentioned date."

It is true that the applicant alleges that he was "seriously prejudiced in the proof of his case by the unconstitutional and unreasonable lapse of time," but the plenary findings of the hear-

---

accused, counsel shall assist in the preparation of an application for review of sentence under Rule 762 (Review of Sentence) and an order for appeal, and shall file same over the signature of the accused." (Emphasis added.)
See also, *Meadows v. State,* 3 Md. App. 441.

ing judge with respect to the competency of counsel do not support this bald allegation.

*Application denied.*