JAMES RANDOLPH McCAINE *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 2, September Term, 1969.]

*Decided January 9, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James Randolph McCaine pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

MORTON, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of Post Conviction relief by the lower court, it is contended that applicant's convictions for armed robbery, assault with intent to murder and carrying a concealed weapon, rest upon guilty pleas which were not voluntarily and intelligently made in that applicant did not understand the nature and consequences of entering such pleas.

The hearing judge, according to his memorandum denying relief, found that "this bald allegation" by the applicant was not supported by "testimony or evidence to show any deficiency or handicap which he might have in being able to understand the nature of the proceedings;" that the applicant had been urged to enter the guilty pleas by his sister; that he had previously been convicted of larceny, burglary and other serious crimes; and that his trial counsel was a distinguished member of the Bar.

It would appear from the record before us that the hearing judge did not have before him a transcript of what occurred in open court at the time the applicant's guilty pleas were entered. Nor would it appear that he had the benefit of any testimony from applicant's trial counsel, testimony that would appear to be particularly enlightening under the circumstances of this case. While we have held that a guilty plea, knowingly and intelligently made, stands for a conviction of the highest order, *Kitonis v. Warden*, 6 Md. App. 110, 113, the *sina qua non* to such conviction is a convincing demonstration that the guilty plea was knowingly and intelligently entered. As we stated in *Silverberg v. Warden*, 7 Md. App. 657, 662: "Maryland has long followed the rule that there is reversible error where the record does not disclose that the defendant voluntarily and knowingly entered his guilty plea. *Edwards v. State*, 7 Md. App. 327." Since it would appear that the record before the hearing judge was not adequate to permit him to make a determina-

tion whether the applicant's pleas were knowingly and intelligently entered at the time of his trial, we shall grant the application for leave to appeal and remand the case in order that such a determination may be made upon a proper record.

*Application granted; case remanded for further proceedings in accordance with this opinion.*